## Vanover v. Justice.

(Decided May 21, 1918.)

### Appeal from Pike Circuit Court.

Contracts—In Restraint of Trade—What Will Amount to.—A contract, the sole object of which is to destroy competition, will be in restraint of trade and void, but if the contract is only in partial restraint of trade, and is a part of or incidental to another contract, it will be valid.

ROSCOE VANOVER and E. J. PICKLESIMER for appellant.

CLINE & STEELE for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In January, 1912, J. F. Justice, the appellee, entered into a written contract with Eliza Vanover, the appellant, by which he leased from her, for a period of three years with the privilege of extending the lease for three years, a vacant lot and a store building, his purpose being to conduct a general merchandise store in the leased building, and a building that he contemplated putting on the vacant lot. After this, it appears that Justice learned that Mrs. Vanover was about to lease some adjacent property to parties who intended to conduct in it a general store in competition with him, and so, in May, 1912, he leased from Mrs. Vanover a vacant lot adjoining the lot he had leased in January for the purpose of erecting a building on the lot. The lease of this lot ran for five years with the privilege of two more years. At the expiration of the January lease and the May lease any buildings erected on the leased premises were to revert to Mrs. Vanover. In the May lease it was stipulated that "First party, Mrs. Vanover, agrees to

not let any other person put up in opposition to second party, J. F. Justice." The purpose of inserting this clause in the lease was to prevent Mrs. Vanover from leasing other adjacent lots, that she owned, to persons for the purpose of operating a store in competition with the store that Justice intended to conduct in the buildings on the lots leased by him. It will be observed that the quoted language is not accurately expressed, but it is conceded that it was the intention of both parties that this clause should be a prohibition against Mrs. Vanover leasing her adjacent property to any person for the purpose of conducting a store in competition with Justice, and it is further admitted, by Justice, that his sole purpose in entering into the May contract was in order that he might have inserted therein this prohibitive clause to prevent competition in the business he proposed to engage in.

Shortly after this, and in violation of this clause in her contract, Mrs. Vanover leased for a term of years to one Wright a lot adjacent to the lot leased to Justice for the purpose of enabling Wright to erect a building on the lot and conduct a store therein in competition with Justice. Nor is there any dispute about the fact that Wright, soon after this lease was entered into, did erect a building on the leased lot and conduct therein a store in competition with Justice.

After this Justice brought this suit against Mrs. Vanover to recover damages and for various breaches of her contracts made in January and May, including the breach committed in leasing the lot to Wright. Waiving preliminary matters, there was an answer controverting the petition and asking, in a counterclaim, damages in the sum of $2,000.00. On a trial of the issues there was a verdict and judgment, accordingly, in favor of Justice for $350.00 and Mrs. Vanover appeals.

On the trial of the case the court instructed the jury that: "Under the contract, of date May 16, 1912, the defendant agreed to not permit any person other than plaintiff to put up or engage in business in opposition to plaintiff on defendant's lands during the term of said lease; and, if the jury should believe and find from the evidence that the defendant in violation of this provision of the contract leased a portion of her said premises to other persons who engaged in the mercantile business on defendant's premises and in opposition to

plaintiff, and carried the same line of goods as plaintiff carried, they should find for plaintiff on this item such a sum in damages as they may believe from the evidence as will fairly compensate him for the loss sustained, if anything, by reason of said breach of the contract.'' And the only question on this appeal to which our attention is directed, by counsel for Mrs. Vanover, is the correctness of this instruction. On the trial of the case, appropriate exceptions and objections were saved to all the evidence tending to show that Justice had suffered any damage by reason of this breach of the contract, and the instruction was likewise excepted to upon the ground that the prohibitive clause was in restraint of trade and void and, therefore, even if it were breached there could be no recovery by Justice. So that the only question we need consider on this appeal is this contention of counsel for Mrs. Vanover.

Restating briefly the point at issue so that it may be clearly understood, Justice, for a short term of years, was induced to, and did, lease some property from Mrs. Vanover on her agreement that she would not, during the term of the lease, let any adjacent property to any other person who might set up a store thereon in opposition to Justice. Now, the question is, was that agreement, on the part of Mrs. Vanover, such restraint of trade as to make it void as against public policy?

We have had occasion in a number of cases to consider the question of the validity of contracts in restraint of trade, and statements of the ruling we have set down in respect to this question will be helpful in disposing of the case. In Clemons v. Meadows, 123 Ky. 178, Meadows, who operated a hotel, agreed with Clemons, who was conducting a competing hotel in a small town, in consideration of a stipulated sum, to close his hotel for a term of years. Clemons brought suit against Meadows to recover damages for a breach of the contract, and the court, after recognizing the general rule that contracts in partial restraint of trade would be upheld, said that this contract was void as against public policy, upon the ground that the sole consideration was the agreement to pay a sum of money to Meadows in consideration of his agreement to close his hotel. In that case, as will be seen, the agreement to close the hotel, was not incidental to or a part of any other contract, it was simply a naked agreement for a stipulated

consideration not to engage in business. In Barrone v. Mosely Brothers, 144 Ky. 698, the court, in upholding a contract by which Barrone sold to Mosely Brothers a laundry business and agreed to not again engage in that business in a specified period, said: "It is, however, a very general rule that all contracts of this character must be incident to and in support of another contract, or sale, in which the convenantor has an interest which is in need of protection. In other words, no conventional restraint of trade will be enforced unless the covenant embodying it is merely ancillary to the main purpose of a lawful trade, and is necessary to protect the covenantee in the enjoyment of the legitimate fruits of the contract, or to protect him from the dangers of an unjust use of those fruits by the other party."

The court then proceeded to refer to the Clemons and other cases holding that where a party for a mere money consideration agreed to quit business, or not to engage in business, the contract would be void, and further said: "But the facts of the case at bar do not bring this contract within the distinction above laid down. It is true that the contract, in words, requires the appellants to abandon a certain line of laundry business; but when the contract, as a whole, is read, it is reasonably plain that the appellants sold this business to the appellees for $1,600.00, a valuable consideration, and that the agreement to abandon that business in the city of Bowling Green and the territory adjacent thereto, was merely ancillary to the principal contract of sale. And, that being true, the case falls within the general rule as above announced, and must be upheld. In so holding, we think the circuit judge was right." To the same effect are Breeding v. Tandy, 148 Ky. 345; Fields v. Holland and Son, 158 Ky. 544; Nickell v. Johnson, 162 Ky. 520.

Applying, now, the law as laid down in these cases to the facts of the case before us, we find that Mrs. Vanover as a part of, and incidental to, a contract that she entered into with Justice for a term of years, agreed not to rent any of her adjacent property to any other person to set up a store in competition with Justice. Now, under all the cases, if Mrs. Vanover had obligated herself not to set up in business, for a term of years, in a building adjacent to the property she had leased to Justice, the contract would have been binding upon her,

and we can see no distinction between a contract like this, and a contract by which she agreed not to rent her property to another to set up a store in competition with Justice.

It is true that this contract was intended to prevent competition in trade, but it was only a partial restraint of trade, and did not bind any person except Mrs. Vanover, and only her, for a short term of years. It did not prevent any other person from entering into competition with Justice, or interfere with the establishment of stores on property owned by any other person. There can be no doubt about the validity of so much of the contract as related to the leasing of the lot to Justice, or the agreement of Justice to building a house thereon, and the vice that would have been in the stipulation prohibiting Mrs. Vanover from leasing her property to any other person to conduct a store in opposition to Justice, if this stipulation had contained the whole contract between them, was eliminated by the fact that it was a part of and incidental to another valid contract.

Wherefore, the judgment is affirmed.