## Shelby v. Shelby, et al.

(Decided January 22, 1926.)

### Appeal from Boyle Circuit Court.

1. **Trial—Objection to Transfer of Case to Equity Waived, Where no Objection Made to Motion.**—Objection to transfer of cause from law to equity held waived, where no objection was made to defendant's motion, for, under Civil Code of Practice, section 333, subdivision 3, an objection must be made to the motion as well as to the decision, as required by section 334

2. **Joint Tenancy—Joint Tenant Held to Have Ratified Cotenant's Rental of Premises.**—Where one joint tenant occupied portion of premises owned jointly, saw what each tenant was doing, and, without objection, permitted such tenants to carry out the contracts made with other joint tenant, and pay rentals according to its terms, held such joint tenant had ratified and acquiesced in such rental contracts.

3. **Appeal and Error—Finding of Commissioner and Court that Reasonable Rental Value did Not Exceed Contract Rental Not Disturbed, Where Supported by Preponderance of Evidence.**—In action by joint tenant to recover her share of rental of jointly owned property which other joint tenant had rented, held, that finding of commissioner and court that reasonable rental value of property did not exceed contract rental could not be disturbed, being supported by more than a preponderance of the evidence.

4. **Joint Tenancy—Joint Tenant Who had Not Ratified Cotenant's Rental of Premises Entitled to Recover from Tenant Her Share of Rental Less Her Share of Fixed Charges.**—Where evidence showed that plaintiff joint tenant had not acquiesced or ratified other joint tenant's rental of premises, plaintiff could recover from tenant her share of the rental, but tenant was entitled to be subrogated to rights of joint tenant to whom he had paid rental, and hence there should be deducted from plaintiff's recovery her share of fixed charges on property.

NELSON D. RODES and GEO. E. STONE for appellant.

HENRY JACKSON and P. M. McROBERTS for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming in part and reversing in part.

The appellant and plaintiff below, Mary P. Shelby, and the appellee and intervening defendant below, Florence Shelby, were joint occupants of the old Shelby homestead known as Arcadia, and which is located in Lincoln county, Kentucky, and contains about 690 acres.

Their interests and rights as such occupants were created by a family settlement deed executed by the Shelby heirs in 1898, and the substance of it is stated in the opinion in the case of Shelby v. Shelby, 192 Ky. 304, reference to which is made for its terms. Another sister, Miss R. Tevis Shelby, was a joint occupant under the same settlement deed to the time of her death in 1917, leaving appellant and her sister, Miss Florence Shelby, the only ones entitled to the occupancy created by that deed. During the year 1918 there grew up an irreconcilable breach between the two, the causes of which and the blame therefor need not be stated herein, but it culminated in plaintiff's filing the case referred to for a division of the premises, including the jointly occupied mansion house, and that relief was granted by the opinion in that case and the division was made in the latter part of 1921 or the beginning of 1922 after the filing of the mandate in the trial court that issued from this one in that case. Before the breach and before the death of Miss Tevis Shelby she seemed to be the business manager for the sisters, and after that Miss Florence Shelby appears to have taken a more active part in such management of the jointly occupied property than did her sister, the plaintiff and appellant, though the latter participated to some extent therein. After the breach appellant would periodically go away from the premises but would return thereto at different times throughout each year, when she would occupy a room specially prepared for her in the mansion house, and upon which occasions she would exercise the same rights and avail herself of the same privileges that she had theretofore done. For a number of years the defendant and appellee, Isaac Shelby, a brother of the two sisters, had rented a portion and perhaps sometimes all of the premises with the exception of certain reservations, including the mansion house, and he boarded therein with his two sisters, paying them $400.00 annually therefor. While the relations were amicable and about the first of the year 1918, with the joint consent and participation of the two, they rented a portion of the premises to the appellee and defendant below, Steele Shelby, for an agreed money consideration, and another and larger portion of the premises to the brother, Isaac Shelby, upon a fixed money consideration, the rent from each tenant being payable one-half on July 1 and the other on or by January 1, therafter, and for

that year each tenant paid his rent strictly according to the contract by issuing a check payable to "The Misses Shelby," which seems to have been the adopted name in which the operation of the premises was conducted. Those checks were delivered to Florence Shelby, who endorsed them with the business name and deposited them in bank. Each tenant without entering into a new contract, as we construe the evidence, continued to occupy their respective rented portions for the year 1919, and, of course, upon the same terms, but they cultivated some of the premises that they rented differently from what they did the prior year of 1918. However, there was no change in the rental and we do not construe the evidence as showing that a new contract was made for the occupancy during the year 1919. In other words, it is our interpretation of the evidence that the occupancy of the respective tenants for that year was a continuation of the occupancy in 1918 under the provisions of section 2295 of our present statutes. If, however, that was untrue, then plaintiff would not be entitled to the relief sought for that year (1919) for the reasons hereinafter stated.

Steele Shelby did not occupy any portion of the premises for 1920, but under a contract with Florence Shelby the defendant, Isaac Shelby, rented the entire premises for that year with an agreement to pay the combined rent theretofore paid by the two tenants in 1918 and 1919, the payments to be made at the same biennial periods, and which payments he made at the stipulated times and in the same manner as hereinbefore indicated.

On March 19, 1920, plaintiff filed an ordinary action in the Boyle circuit court against defendant, Steele Shelby, seeking to recover her alleged one-half of the rents and profits for the portion of land he rented in the year 1919 and which she fixed much higher than the contractual rent he agreed to and did pay for that year. A demurrer was sustained to that petition and is was amended by seeking to recover her one-half of the rental value of the same premises for the same year, all of which was upon the ground that she was a joint tenant of the Arcadia plantation and that the rental of a portion thereof by defendant was made and done by her other joint tenant without her knowledge or consent and that she was not bound thereby, nor was the payment of the rent to her sister a discharge of defendant's obligation to her

for her one-half. Defendant's answer denied the material averments of plaintiff's pleading, and he made it a cross-petition against Miss Florence Shelby, who answered by also making the same denials and averring her rights under the circumstances to rent the premises and to collect therefor, all of which she averred she had done and that her sister had obtained her net portion. Both she and defendant also stated that plaintiff, though not occupying the premises for the year 1919 all of the time, was in and out and remained there for considerable periods with full knowledge of all the facts, and that she entered no objection to the renting arrangements and that she thereby acquiesced in and ratified the rental contract. The issues were made by a reply denying such averments.

On the same date plaintiff filed a like suit in the same court against defendant, Isaac Shelby, and in which she sought the same relief for the same year, and the practice of that case was the same as the one against Steele Shelby, the issues being made and formed by like pleadings and motions.

On December 20, 1920, plaintiff filed a third suit against defendant, Isaac Shelby, to obtain the same relief against him for his use and occupancy of the premises for that year, and that case was practiced in the same manner as the other two, with the issues formed the same as in them and the causes were consolidated and upon defendants' motion the consolidated case was transferred to equity and the issues referred to a commissioner with power to take proof and report to the court. He filed his report after taking considerable testimony in which he found that the two defendants occupied the premises for the year 1919 under the same amicable contract that they had occupied them in the year 1918, and that the occupancy for the year 1919 was by an automatic extension of the contract for the occupancy during the year 1918, and that defendants, having discharged their obligations for the year in question according to the terms of their automatically extended contract, were exonerated from any obligation to plaintiff and he recommended the dismissal of the petitions seeking recoveries for that year.

He further reported that the rental agreed to be and which was paid by defendant, Isaac Shelby, for the entire premises for the year 1920 was its reasonable rental value and that it was absolutely necessary for Florence

Shelby to rent the premises in order to meet fixed charges and to maintain and keep them in repair for the joint benefit of both plaintiff and her sister, Florence Shelby; and that defendant had paid the agreed and sufficient rental for that year according to the contract which was in the same manner that he agreed to and did pay the rent for prior years, and he recommended the dismissal of that petition in so far as it sought a recovery against the tenant, the defendant, Isaac Shelby; but he reported that if there was anything due plaintiff for her portion of the net rent for that year it was a claim against the joint tenant, the defendant, Florence Shelby. Exceptions were filed to that report, which the court heard and overruled, followed by a dismissal of each petition and to reverse that judgment plaintiff prosecutes this appeal.

An alleged fatal error of practice is first relied on for a reversal, and it is, that the court erred in transferring the consolidated cause to equity, and later erred in overruling plaintiff's motion for an issue out of chancery made after the order of transfer was sustained. Much argument is indulged in to sustain those contentions, it being vigorously insisted that the issues were not such as to authorize the transfer of the cause from the ordinary to the equity docket, and it might be admitted for the purpose of this case that the position is well taken, but we do not determine the point because the error, if one, was not preserved as required by our practice so as to present it to us for consideration. There was no *objection* made to defendants' motion to transfer the cause to equity, although exceptions to the ruling of the court on that motion, made a considerable time afterwards, were reserved by plaintiff. Subsection 3 of section 333 of our Civil Code says: "But a party can not except to a decision made at the instance of the adverse party, unless objection shall have been made to the motion, offer or request of the adverse party," and that objection in order to properly present the question to this court must also be followed by an exception to the decision when it is made, and which requirement is contained in section 334 of the same code. Numerous cases from this court following such code requirements will be found in the notes to the sections referred to in the 1919 edition of Carroll's Kentucky Codes. Having waived, so to speak, the transfer of the causes to the equity docket,

it would seem to follow that plaintiff could not then insist on a nullification of that order by a transfer of the issues to the ordinary docket to be tried by jury, and it is our conclusion that for the reasons stated the alleged errors of practice are unavailing to plaintiff on this appeal.

It is next urged on the merits of the case that, since plaintiff and her sister, Florence Shelby, were joint owners of whatever rights they had in the premises as joint tenants therein, the one could not lease the whole premises so as to bind the other to the terms of the rental contracts and that the tenant did not have the right to pay plaintiff's portion of the rental to the renting tenant and thereby become discharged from his obligation to pay plaintiff her one-half, and the cases of Lawrence v. Fielder, 186 Ky. 324, and Gary v. Taylor, 166 Ky. 501, and others from this court are cited in support of that position, and which we are convinced is correct as a general principle. But those cases as well as text authorities upon the same subject also hold that if the objecting joint tenant consents or in any manner ratifies or acquiesces in the renting made by his co-tenant or co-tenants, the doctrine contended for will not apply, since in that case the renting joint tenant becomes the agent of the objecting one, either by actual consent or by adoption through acquiescence and ratification and we think the evidence in this case is sufficient to establish the fact that plaintiff so far as the year 1919 is concerned ratified and acquiesced in the actions of her sister in renting the premises for that year. She was upon and actually occupied a portion of the premises at different periods of that year, and while she claims to have made objections, yet the proof is overwhelming that she did not do so. She saw what each tenant was doing and without objection permitted him to carry out this contract and to pay the rent according to its terms, and she was also aware of the necessity of a joint income to defray fixed charges and we think the case one clearly calling for the application of the doctrine of acquiescence and ratification so familiarly recognized in the law.

The situation as to the year 1920 is somewhat different. In January of that year plaintiff served notice on defendant, Isaac Shelby, of her objection to his occupying the premises for that year, and demanded that he relinquish it and surrender the premises. She does not

seem to have been about the place during that year as was true during the previous one, and we are not prepared to say that her conduct was such as to create either ratification or acquiescence. That being true she is entitled to recover her one-half of the reasonable rental value of the premises for that year, which both the commissioner and the court found did not exceed the contractual rental, and which is supported by more than the preponderance of the testimony and can not for that reason be disturbed by us. That being true she is entitled to recover from the defendant, Isaac Shelby, one-half of such rental for that year, but he is also entitled to be subrogated to the rights of Florence Shelby in and to such rental all of which he paid to her. Her rights therein are, that out of the rental her sister, the plaintiff, should be charged with half of all necessary fixed charges in the way of taxes, insurance, repairs, etc., upon and to the premises and plaintiff would be entitled to only one-half of the net balance. The court did not adjudge what those expenses aggregated and did not attempt to settle the account between the two sisters, and we, accordingly, are not called upon on this appeal to do so. Upon a return of the case, if the litigation should be protracted, the court will determine the state of accounts for the year 1920 between the two sisters, and will enter judgment against defendant, Isaac Shelby, in favor of plaintiff for her one-half of the net balance of the contractual rentals for that year, but will also render judgment in his favor against Florence Shelby for the same amount.

Wherefore, the judgment in so far as it involves rents for the years 1918 and 1919 is affirmed, but as to the year 1920 it is reversed, with directions for proceedings consistent with this opinion.