W. R. VAUGHAN et al., Appellants,

v.

GENERAL OUTDOOR ADVERTISING
CO., Inc., Appellee.

Court of Appeals of Kentucky.

Nov. 3, 1961.

Rehearing Denied Jan. 26, 1962.

William A. Stephenson, Sidney Hanish, Louisville, for appellants.

Henry J. Tilford, Charles W. Dobbins, Stuart E. Alexander, Louisville, for appellee.

WADDILL, Commissioner.

This is an appeal from a judgment granting appellee, General Outdoor Advertising Company, Inc., a permanent mandatory injunction requiring the removal of all outdoor advertising displays and devices which appellants, Southeastern Displays, Inc., and their agents, have caused to be erected upon a certain lot now owned by appellant Rosalie Lockard, the widow of Homer Lockard. Appellants ask for reversal of the judgment on grounds hereinafter set forth.

On June 8, 1954, appellee entered into a written lease-agreement with Homer Lockard by which appellee obtained the right to erect and maintain billboards upon an easterly portion of the southern boundary of a city lot owned in joint survivorship by Lockard and his wife, Rosalie. The primary term of the lease was five years, with the privilege of yearly renewal thereafter for five years. The lease contained a provision that:

"The lessor [Lockard] represents that he is the owner of the premises

above described and has authority to make this lease, and covenants that he will not permit any adjoining premises, owned or controlled by him, to be used for advertising purposes or permit lessee's [appellee's] signs to be obstructed."

After appellee's billboards had been erected upon the Lockard property, and on June 9, 1958, W. R. Vaughan, acting as the agent of Mary A. Vaughan who was then conducting an advertising business under the name of Southeastern Displays, entered into a lease-agreement with Homer and Rosalie Lockard, whereby Southeastern Displays was granted the privilege of erecting billboards upon a portion of the southern boundary of the Lockard lot which was not included within appellee's lease. Southeastern Displays subsequently assigned its lease to Southeastern Displays, Inc., a corporation principally operated by Mary Vaughan. Pursuant to this lease, Southeastern Displays, Inc. (hereinafter called Southeastern), erected billboards which were located west of those of appellee.

On August 4, 1958, appellee sued Southeastern, the Lockards, and the Vaughans seeking damages and an injunction requiring the removal of the billboards erected upon the Lockard property by Southeastern. The Chancellor entered a judgment granting the injunction, which was made a final and appealable judgment by a recitation as required by CR 54.02, but he reserved for further adjudication appellee's claim for damages.

■ Appellants contend that the restrictive covenant in appellee's lease, which limits the use of the Lockard lot for advertising purposes, is invalid because it is in restraint of trade and tends toward creating a monopoly in the outdoor advertising field. We have held that restrictive covenants in partial restraint of trade are enforceable if they are not unreasonable, i. e., they do not have a tendency to unduly restrict competition and are

not inimical to the public interest. Ladd et al. v. Pittsburg Consolidation Coal Co. et al., 309 Ky. 405, 217 S.W.2d 807; Johnson v. Stumbo, 277 Ky. 301, 126 S.W.2d 165; Anderson v. Jett, 89 Ky. 375, 12 S.W. 670, 6 L.R.A. 390. The test of reasonableness ordinarily applied in cases of this character is whether the restraint, considering the situation and circumstances involved, is so extensive as to interfere with the interests of the public. 36 Am.Jur., Monopolies, etc., Sections 51 and 52. While the purpose of the covenant in question is to prevent competition in trade, yet the restriction as it here applies is so limited as to territory (a city lot) and duration (a maximum period of 10 years) that it is a legitimate restraint of the use of the Lockard lot. Vanover v. Justice, 180 Ky. 632, 203 S.W. 321, L.R.A.1918E, 662. Consequently, the Chancellor correctly found that the restrictive covenant is valid.

■ Appellants argue that Southeastern's lease does not violate the restrictive covenant of appellee's lease because the property leased to Southeastern does not adjoin the property leased to appellee inasmuch as the Lockards had, with appellee's consent, leased to another company a small portion of their lot lying between that leased by appellee and that subsequently leased by Southeastern. However, the mere circumstance of coexisting leases on different portions of this lot does not alter the fact that each portion adjoins the remainder of it. We are in accord with the view of the Chancellor who held that all parts of the Lockard lot constitute "adjoining premises" within the meaning of that term.

■ Appellants maintain that the evidence is insufficient to support the Chancellor's finding that appellee's agents had not consented to the Lockards' leasing a portion of their lot to Southeastern. Since the appellee's agents testified that they had not consented as claimed by appellant, the Chancellor had sufficient evidence upon which to base his finding.

Appellee's lease contained a provision requiring notice of its renewal be sent to Lockard at a specified address. There was uncontradicted testimony that Lockard asked appellee's lease manager to send his mail to an address different from that designated in the lease. Appellee's agent testified to the effect that notice of its renewal was timely mailed to the address designated by Lockard, although Lockard testified that he did not receive the notice. Since there was testimony that appellee's agent had timely mailed a renewal notice in accordance with Lockard's instructions, we agree with the finding of the Chancellor that appellee had sufficiently complied with the renewal requirement of its lease.

Appellants argue that appellee was not entitled to equitable relief because its agents were guilty of laches in not attempting to stop the erection of Southeastern's billboards prior to their completion. It was shown that, between June 9, 1958, the date when Southeastern obtained its lease, and July 16, 1958, the date upon which the erection of Southeastern's billboard was completed, appellee's lease manager knew that Southeastern was erecting billboards upon the Lockard lot. However, there was testimony to the effect that appellee's lease manager had advised Lockard that his company would not waive the restrictive provisions of its lease, and that Southeastern's agents had knowledge of it. It appears that appellee instituted this action within two months of its first knowledge that its lease was being violated. Under these circumstances the Chancellor correctly decided that appellee's agents had acted diligently and timely to protect appellee's rights under the lease. Starck v. Foley, 209 Ky. 332, 272 S.W. 890, 41 A.L.R. 756.

Appellants contend that since Mrs. Lockard did not sign appellee's lease, she is not bound thereby, and, therefore, the Chancellor erred in granting the injunction. Homer Lockard died during the pendency of this action and his wife is now the sole owner of the lot. The evidence established, and the Chancellor found, that Mrs. Lockard participated in the negotiations between her husband and the agents of appellee which preceded the signing of the lease. In establishing this fact it was shown that Mrs. Lockard insisted upon the insertion in the lease of the provision requiring all signs that appellee erected upon their lot to be located so as to not obstruct a certain view from their residence. It was also shown that the checks received from appellee in payment of the rent due under its lease were endorsed by her and deposited in a joint bank account which she and her husband maintained. In light of these facts we believe that the Chancellor correctly concluded that Mrs. Lockard's husband had acted as her agent in leasing their lot, and that her subsequent acceptance of the rent payments constituted a ratification of the lease. Manning v. Owens, 277 Ky. 40, 125 S.W.2d 753; Shelby v. Shelby, 212 Ky. 552, 279 S.W. 942.

Appellants, Southeastern and the Vaughans, contend that since they were not parties to appellee's lease, the Chancellor erred in granting an injunction against them. This raises the troublesome question of whether a subsequent lessee, with notice of, is bound by a restrictive covenant in a prior lease. For comprehensive discussions relating to this question, see: Cole v. Seamonds, 87 W.Va. 19, 104 S.E. 747; Farm Food Stores, Inc. v. Gianeschi et al., 320 Ill.App. 582, 51 N.E. 2d 792; 51 C.J.S. Landlord and Tenant § 238; 32 Am.Jur., Landlord and Tenant, Section 146. While these authorities disclose a lack of unanimity on this subject, we have decided that the question raised should be answered in the affirmative on the principle stated in Farm Food Stores v. Gianeschi, supra [320 Ill.App. 582, 51 N.E. 2d 794], "that a party with knowledge of the just rights of another should not be permitted to defeat them." Since it was properly found that these appellants had notice of appellee's lease and of the re-

strictive covenant therein, we conclude that the Chancellor was authorized to issue the injunction. This is so irrespective of whether or not appellee's claim for damages is sustainable. Greer v. Bornstein, 246 Ky. 286, 54 S.W.2d 927; Starck v. Foley, supra; Hotel, Restaurant and Soda Fountain Employees Local Union No. 181 v. Miller, 272 Ky. 466, 114 S.W.2d 501.

We have concluded that the relief granted herein is sustainable under the record.

Judgment affirmed.