## South Chicago City Ry. Co. v. Christian Walters.

1.    Instructions—*Should be Based on the Evidence.*—Where there is no evidence that a plaintiff suing for personal injuries will suffer any loss of time or of ability to work in the future because of the injuries received, it is improper to instruct the jury that they may allow damages for future loss of time or of ability to work, if any, resulting from such injuries which they may believe the plaintiff will sustain.

Trespass on the Case, for personal injuries.    Appeal from the Superior Court of Cook County; the Hon. Arthur H. Chetlain, Judge, presiding. Heard in this court at the March term, 1897.    Reversed and remanded. Opinion filed May 24, 1897.

Osborn & Lynde, attorneys for appellant.

John F. Waters, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This action was brought to recover damages for personal injuries sustained by appellee while driving upon a public street, by being run into by an electric car operated by the appellant company in South Chicago, and resulted in a judgment for $3,500, entered upon a verdict for $5,000 in favor of appellee.

The case, as made by the evidence, was a close one, and demanded the giving of correct instructions to the jury.

The third instruction, given at the instance of appellee, was in substance like the fifth instruction approved by the court in H. & St. J. R. R. Co. v. Martin, 111 Ill. 219, at page 227, and again approved in city of Chicago v. McLean, 133 Ill. 148, except the following addition: "and any future loss of time and inability to work, if any, resulting from such injuries which the jury may believe the plaintiff will sustain; and may find for him such sum as in the judgment of the jury, under the evidence, will be a fair compensation for the injuries, if any, which the jury may believe from the evidence he has sustained."

There is but very little evidence, and that is of an exceedingly uncertain and shadowy character, that appellant will suffer any loss of time or inability to work in the future because of the injuries received.

The accident happened nearly three years before the trial took place, and at the trial appellee testified that six weeks after he was hurt he went to work again at his previous employment, and had worked ever since without the loss of a single day.

In the face of such evidence, and with no certain evidence that appellee has not entirely recovered from his injuries, it was error of a seriously prejudicial kind to instruct the jury that they might give the appellee compensation for such future loss of time and inability to work as they might believe (without regard to the evidence) he will sustain.

For such error the judgment will be reversed and the cause remanded.