(No. 11022.—Judgment affirmed.)
BEN F. BARNETT, Defendant in Error, *vs.* THE CALDWELL FURNITURE COMPANY, Plaintiff in Error.

*Opinion filed February 21, 1917.*

1. CONTRACTS—*rule as to proof of damages for breach of contract in discharging salesman.* In an action by a discharged salesman for damages for breach of his contract of employment the law only requires that the evidence shall with a fair degree of probability tend to establish a basis for the assessment of damages, and where the plaintiff was to receive a commission on sales it is not improper to prove, as such basis, the amount of sales made by the plaintiff for several months prior to his discharge.

2. DAMAGES—*when recovery may be had for prospective profits.* In an action for damages for breach of contract a recovery may be had for prospective profits where there are any criteria by which the probable profits can be estimated with reasonable certainty.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding.

GEORGE C. GALE, for plaintiff in error.

LEO S. LEBOSKY, and WILLIAM LEVINE, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This suit was an action begun by Ben F. Barnett in the municipal court of Chicago against the Caldwell Furniture Company for damages alleged to have been sustained by plaintiff from the violation of a contract of employment by defendant. Defendant was engaged in the manufacture and sale of furniture, its factory being located at Lenoir, North Carolina. On the first day of July, 1912, the parties entered into a written agreement by which plaintiff was given the exclusive right to sell defendant's product in the

United States, except Oklahoma, Texas and the southern States. By the contract plaintiff agreed to sell $100,000, gross, per year, of the output of defendant's factory from the date of the contract, July 1, 1912, to the 30th day of June, 1914. Plaintiff was to receive for his compensation six per cent commission on the net price of all goods sold by or through him or by or through defendant in the territory represented by plaintiff, who was to devote his best efforts and energy to sell $100,000 worth of the product of defendant's factory each year during the continuance of the contract. The parties had some misunderstanding and the contract was terminated the last of April, 1913. Plaintiff claimed he was wrongfully discharged and brought this suit to recover damages. In his statement and affidavit of claim he alleged that he performed the contract for one year after its execution, at which time he was discharged by defendant for no cause or reason; that he had at all times been ready and willing to perform the contract on his part but was prevented from doing so by defendant. Defendant filed an affidavit of merits setting out as its defense that it did not make a breach of its contract with plaintiff at any time; that it did not discharge him from its service; that he did not perform the contract on his part and resigned his position as salesman of his own free will and refused to continue his services under the contract at the request of defendant, and it denied it owed him anything under the contract or otherwise. A jury was waived and the cause tried by the court by consent. The court found for plaintiff and assessed his damages at $3483.69 and rendered judgment in his favor for that amount and costs. Defendant appealed to the Appellate Court for the First District. That court affirmed the judgment, and this court allowed a writ of *certiorari.*

The evidence on the question as to whether plaintiff voluntarily quit the employment of defendant or whether he was discharged by it was conflicting, but those questions

were conclusively settled in favor of plaintiff by the judgment of the Appellate Court affirming the judgment of the trial court. Defendant contends that if the proof shows it discharged plaintiff, whether the facts proved constituted legal ground for the discharge is a question of law to be determined by this court. Defendant claimed on the trial that it did not discharge plaintiff, and it is contended it cannot now be heard to raise the question whether the facts proved justified it in discharging him. It is also claimed that question was not raised in the Appellate Court and for that reason cannot now be raised in this court.

The three points made and argued in defendant's Appellate Court brief, which plaintiff has by leave of this court filed, are: "(1) The defendant [plaintiff] did not comply with the contract on his part; (2) the relationship between the parties was ended by mutual agreement—he was not discharged; (3) it does not appear that plaintiff sustained any damages."

The proof was conflicting as to the facts which led to a disagreement of the parties and the discharge of plaintiff. If defendant is in a position to raise the question in this court whether the facts proved constituted legal ground for the discharge of plaintiff we could not reverse the judgment on that ground, for if plaintiff's evidence is believed the discharge was not justified, while if the evidence of defendant is believed it might be a different conclusion should be reached.

There remains for our consideration the question of damages. Defendant contends (1) that the evidence does not show plaintiff was damaged; and (2) that an estimate of probable earnings for the remainder of the term of his employment, based on proof of earnings before his discharge, is speculative and conjectural and furnishes no lawful basis for the assessment of damages. We think the proof amply warrants the conclusion that plaintiff was damaged by the

termination of the employment.   A recovery may be had
for prospective profits when there are any criteria by which
the probable profits can be estimated with reasonable cer-
tainty.   On the trial of this case the amount of sales made
by plaintiff for a certain number of months prior to his dis-
charge was proved as a basis upon which to estimate his
probable earnings in the future.   L. E. Rabb, secretary of
defendant, testified also that between May 1, 1913, and
June 30, 1914, defendant sold in the territory given plain-
tiff by the contract $80,000 worth of merchandise.   The
proof shows plaintiff was a capable and efficient salesman
and had been in the employment of defendant something
over three years.   It is perhaps true that absolute certainty
as to the amount of loss or damage in such cases is unat-
tainable, but that is not required to justify a recovery.   All
the law requires is that it be approximated by competent
proof.   That proof of the exact amount of loss is impos-
sible will not justify refusing compensation.   If that were
the law, contracts of the kind here involved could be vio-
lated with impunity.   All the law requires in cases of this
character is that the evidence shall with a fair degree of
probability tend to establish a basis for the assessment of
damages.   *Landis* v. *Wolf,* 206 Ill. 392; *Illinois Central
Railroad Co.* v. *Byrne,* 205 id. 9; *Chapman* v. *Kirby,* 49
id. 211; *Wakeman* v. *Wheeler & Wilson Manf. Co.* 101
N. Y. 205; *Hess* v. *Citron,* 76 N. Y. Supp. 994; *Cross* v.
*Florsheim,* 92 id. 832; *Ætna Life Ins. Co.* v. *Nexsen,* 84
Ind. 347; *City of Terre Haute* v. *Hudnut,* 112 id. 542;
*Spencer Medicine Co.* v. *Hall,* 78 Ark. 336; *Emerson* v.
*Pacific Coast and Norway Packing Co.* 96 Minn. 1.

   Finding no reversible error the judgment is affirmed.

*Judgment affirmed.*