ANN E. ZAPF, Plaintiff-Appellant, *v.* CAROLYN MAKRIDAKIS, Defendant-Appellee.

Second District (1st Division)    No. 75-243

Opinion filed March 18, 1977.

Alexander L. Edgar, of Manion, Janov & Edgar, of Hoopeston, for appellant.

Joseph B. Lederleitner and Neil K. Quinn, both of Pretzel, Stouffer, Nolan & Rooney, of Chicago, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

Plaintiff appeals from the verdict where the jury found the defendant guilty and awarded the plaintiff $6000 damages. The plaintiff was driving east on Route 73 in Lake County on July 26, 1971. As she approached Deep Lake Road the defendant drove out through the stop sign and the two automobiles collided. In this appeal the defendant does not contest her liability and the details of the accident apparently are not in conflict.

It would appear that the basis of the plaintiff's appeal is that the damages awarded were inadequate, although it is not so stated in plaintiff's briefs. The plaintiff has raised two issues. The first is that it was error for the trial court not to let into evidence the fact that the insurance company for the defendant had made payments by two checks to the plaintiff. The first check of $658.35 was for $500 property damage and $158.35 in medical expenses. The other check in question was for $200 for lost time. The plaintiff contends that evidence of these payments was admissible as an admission of defendant's liability. We do not find it necessary to go into a discussion of whether or not the checks were admissible as evidence of defendant's liability because the defendant was in fact found to be liable. This question of error, if any, is therefore of no consequence.

The next contention of the plaintiff is that the trial court erred in denying those portions of the instructions tendered by the plaintiff which would have allowed the jury to consider future loss of earnings as a proper element in determining plaintiff's damages. From an examination of the record we find no evidence whatsoever that would indicate plaintiff's impairment of her earning capacity in the future.

The accident here occurred on July 26, 1971. Plaintiff returned to college for the college year of 1971-72. She was not employed during the summer of 1972 and in the summer of 1973 she was employed by a steel or aluminum company handling sheet metal, pushing the metal sheets through a machine. Later that summer she was employed at a lumber company, stacking lumber. In addition to that she worked at a restaurant during this time. She re-entered school in September 1973. In 1974 she conducted a tennis class, giving instruction at the YMCA. She personally played tennis during the summer of 1973.

After the accident she was taken to the hospital and later that day she returned to her home in South Bend, Indiana. She was never hospitalized for the injuries received herein. However, she has been treated by several

orthopedic physicians during the years in question for grating, popping, snapping and pain in her right shoulder.

Depositions of two of the treating physicians were introduced into evidence. Dr. Loughran testified that she had crepitation on circumduction of the shoulder which, in his terms, meant creaking on movement of the shoulder and his diagnosis was an acromioclavicular strain. In answer to the question as to whether or not the condition of ill being would be temporary or permanent the doctor testified there was no way of ascertaining whether or not it would be permanent. He further noted that the plaintiff appeared to be in pain only on the extreme motions of her shoulder. The deposition of Dr. Bodnar was likewise read to the jury and he observed that when she was riding a bicycle in a racing position she would develop pain in the shoulder and that she complained of pain in the shoulder with some of the motions necessary to play tennis. Likewise he noted that she had worked at a restaurant and that she noticed discomfort when carrying heavy trays. Dr. Bodnar's further testimony was that she had suffered a strain to the right acromioclavicular joint. He further stated that during his most recent examination she was employed in the steel company. She was doing physical work in a factory and he testified that she had proven that she was capable of this kind of work so that, in his opinion, she would remain capable of this kind of work for an indefinite period of time. He believed that she could engage in active athletic activities such as tennis. He further observed that she might require future medical treatment, not necessarily surgical but including medications, physical therapy and possibly injections of medications. He noted that she had a full range of motion in her right shoulder. The deposition of Dr. Bodnar concluded by his stating that, aside from plaintiff's statements that she would not be able to teach tennis, it was conjectural to say what she would not be able to engage in based upon his objective findings. He further noted that the degree of partial disability would not exceed, in all probability, one or two percent of the arm above the elbow.

Dr. Leo Miller testified and stated that the injury complained of may or may not have been caused by the accident. He did not know whether it was. He noted that the subjective complaints of the plaintiff were basically conjectural or speculative. In his opinion the plaintiff could return to her occupational duties.

■■ As indicated above, no evidence was adduced as to the possible loss of future earnings by the plaintiff and we observe that "[p]roof of damages is essential for recovery in a suit for negligence." *Dehmer v. Martorano* (1975), 28 Ill. App. 3d 858, 862, 329 N.E.2d 482, 485.

In *De Koven Drug Co. v. First National Bank* (1975), 27 Ill. App. 3d 798, 327 N.E.2d 378, the court observed that absolute certainty as to the

amount of damages was not required to justify recovery and the court went on to state that it was only necessary that the evidence tend to establish a basis for the assessment of damages with a fair degree of certain probability but the court stated therein:

> "It is the general rule that damages may not be predicated on mere speculation, hypothesis, conjecture or whim. (*Looby v. Buck*, 20 Ill. App. 2d 156, 155 N.E.2d 641.)" 27 Ill. App. 3d 798, 802, 327 N.E.2d 378, 380.

In a somewhat similar case to the one before us, the court in *South Chicago City Ry. Co. v. Walters* (1897), 70 Ill. App. 271, 272, considered the giving of an instruction as to " 'any future loss of time and inability to work, if any, resulting from such injuries which the jury may believe the plaintiff will sustain * * *.' " The court observed that there was very little evidence that the appellee therein would suffer any loss of time or inability to work in the future because of the injuries received. The court observed that the accident happened three years before the trial took place and that the appellee was employed thereafter. The court stated:

> "In the face of such evidence, and with no certain evidence that appellee has not entirely recovered from his injuries, it was error of a seriously prejudicial kind to instruct the jury that they might give the appellee compensation for such future loss of time and inability to work as they might believe (without regard to the evidence) he will sustain." (70 Ill. App. 271, 272.)

We find that to be the situation herein. There is no evidence that the earning capacity of the plaintiff herein will be diminished because of the injuries received in this accident. Therefore, the court's refusal to give the instructions pertaining to future loss of earnings was proper. We also note that the jury verdict was far in excess of any proven special damages. Inasmuch as the jury, during its deliberations, asked the following question, "in computing damages per instructions does the word future mean from the day of accident, July 26, 1971, or December 18, 1974," and in view of plaintiff's instruction relative to possible loss of earnings which were given, it is, in our opinion, entirely conceivable that the verdict included damages for loss of future earnings as determined by the jury. The judgment of the trial court is affirmed.

Affirmed.

RECHENMACHER, P. J., and SEIDENFELD, J. concur.