MARIANNE SCHLOSSER, d/b/a Select-A-Video, Plaintiff-Appellee, v. RHODA WELK, Defendant-Appellant.

Third District   No. 3—89—0027

Opinion filed January 18, 1990.

HEIPLE, J., concurring in part and dissenting in part.

Burt L. Dancey, of Elliff, Keyser, Oberle & Davies, P.C., of Pekin, for appellant.

Harry M. Williams, of Peoria, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

The defendant, Rhonda Welk, appeals from a $549 judgment entered in favor of the plaintiff, Marianne Schlosser, d/b/a Select-A-Video. The record shows that the defendant was an employee of Select-A-Video until her termination on October 5, 1987. As a general policy, employees were allowed to take video tapes home for their personal use without checking the tapes out or paying a rental fee. On the day the defendant was terminated, she had placed eight video tapes in her car. At the end of the work day, the defendant was told that she was being terminated. The defendant took the tapes home, and during a conversation with her husband, placed them in a storage closet. She testified that a number of weeks later she discovered the tapes while cleaning. She also testified that the tapes were never viewed by her or her family while they were in her possession. She returned the video tapes to the plaintiff's store on December 10, 1987.

At the conclusion of the bench trial, the court found that an implied contract existed between the parties. The court then ruled that the plaintiff was entitled to $549, which was the amount the defendant would have owed if she had rented the tapes for the two months she kept them.

On appeal, the defendant contends that the trial court erred in granting judgment for the plaintiff, because the plaintiff failed to show that the defendant had watched the video tapes. According to

the defendant, the plaintiff therefore failed to show that the defendant derived any benefit from her possession of the tapes. She claims that because the plaintiff failed to show a benefit to the defendant, the plaintiff failed to prove an essential element necessary for recovery on its unjust enrichment claim.

■ The theory of unjust enrichment is based upon a finding of a contract implied in law. (*Premier Electrical Construction Co. v. La Salle National Bank* (1984), 132 Ill. App. 3d 485, 477 N.E.2d 1249.) The essential element of a contract implied in law is the receipt of benefits by one party, which it would be inequitable for him to retain without payment; it is predicated on the principle that no one should unjustly enrich himself at another's expense. *Elliot v. Villa Park Trust & Savings Bank* (1978), 63 Ill. App. 3d 714, 380 N.E.2d 507.

■ From the record, it is clear that the defendant derived a benefit from her possession of the plaintiff's video tapes and that therefore an implied contract existed between herself and the plaintiff. The tapes were available for her use. Under any other circumstances she would have had to buy or rent the tapes in order to view them. In sum, by showing that the defendant had possession of the tapes for her private use, the plaintiff proved that the defendant had derived a benefit.

The defendant next argues that the trial court erred in determining the amount of the plaintiff's recovery.

■ The plaintiff's recovery is limited to the reasonable amount by which the trial court finds the defendant was unjustly enriched at the expense of the plaintiff. (*Nardi & Co. v. Allabastro* (1974), 20 Ill. App. 3d 323, 314 N.E.2d 367.) Since the amount of damages is purely a factual issue, a court of review may not set aside the determination of damages unless it is contrary to the manifest weight of the evidence. *Ellis v. Photo America Corp.* (1983), 113 Ill. App. 3d 493, 447 N.E.2d 852.

■ On review of the record, we find the evidence insufficient to support the full amount of the instant award. The unrebutted evidence showed that the defendant and her family never watched the video tapes. There was no evidence that the defendant intentionally withheld the tapes from the plaintiff. Further, the plaintiff presented no evidence that it lost money because it was unable to rent the tapes to a paying customer. Under the circumstances of this case, we find it unreasonable to treat the tapes as having been rented on a day-by-day basis for the entire time the defendant had them. The inequity in such an award is at least as great as allowing the defendant to retain the tapes without paying any rental fee. A more reasonable approach is to

hold that the defendant was enriched to the extent of one day's rental fee for each of the tapes in her possession. The evidence showed that the six children's tapes held by the defendant each rented for $1 a day and the two adult tapes together rented for $3 a day during the week. Therefore, the defendant was enriched to the extent of $9, and the trial court should have entered judgment for the plaintiff in that amount. Accordingly, having found the trial court's decision contrary to the manifest weight of the evidence, we modify the judgment in favor of the plaintiff, reducing the award from $549 to $9.

The judgment of the circuit court of Peoria County is affirmed as modified.

Affirmed as modified.

BARRY, J., concurs.

PRESIDING JUSTICE HEIPLE, concurring in part and dissenting in part:

The plaintiff, d/b/a Select-A-Video, brought suit against its former employee, the defendant, Rhonda Welk. On the same day the defendant was fired from her job, she had placed eight video tapes in her car. Notified of her termination at the end of the day, she left the store and drove home with the tapes in her car. Two months later, she returned them. The trial court found that the plaintiff was entitled to $549, which was the amount the defendant would have owed if she had rented the tapes for the two months she kept them.

Once the defendant's employment had been terminated, she had no greater right to take tapes home than a mere customer. That is to say, at that point in time she should either have taken the tapes from her car and returned them to the store or else rented them. Instead, she took them with her without right. At that moment, she unlawfully converted the tapes to her own use. The voluntary return of the tapes two months later does not undo that unlawful conversion.

The trial court found an implied contract had arisen which entitled the store to an award of $549 for lost rentals. While the majority order affirms the principle of implied contract, it reduces the damages to $9 on the grounds that there was not evidence that the defendant viewed the tapes more than once or that the plaintiff actually suffered a loss from lost rentals. I respectfully disagree with that portion of the order.

The evidence showed a daily rental rate of $1 for the six children's tapes that were taken plus $1.50 a day for each of the two

adult tapes. Hence, the majority arrived at a reduced figure of $9, which assumes a single viewing of each of the eight tapes during the course of one day's rental.

The error here is that the question of whether the tapes were viewed or not and how many times they were viewed is wholly irrelevant. The fact is that the tapes were unlawfully in the possession of the defendant and available for viewing for a period of two months whether viewed in fact or not. Likewise, the plaintiff was deprived of the tapes for two months and thereby the possibility of renting them for that period of time. The benefit conferred on the defendant is the possession of the tapes for two months. Whether she viewed them once, not at all, or used them to prop up a short leg on her dining room table is really quite beside the point. She took them, kept them, had them in her possession for such use as she chose to make of them and, in fact, deprived the lawful owner of their use and potential rental for a period of two months. Therein lies the benefit and the detriment.

Although the majority gives lip service to the principle that a court of review should not set aside the determination of damages unless it is contrary to the manifest weight of the evidence, it then takes itself outside the evidence to speculate on what the evidence did not show. That is to say, the number of times that the tapes were viewed and the number of times that the rental store did not rent the tapes.

It is well settled that in order to recover lost profits, it is not necessary that the amount of loss be proven with exact certainty. (*Midland Hotel Corp. v. Reuben H. Donnelley Corp.* (1987), 118 Ill. 2d 306.) Rather, given the prospective nature of such profits, recovery for lost profits may be had when there are any criteria by which probable profits can be estimated with reasonable certainty. (*Barnett v. Caldwell Furniture Co.* (1917), 277 Ill. 286.) Basing the damage award on the rental value of the tapes for the two months the defendant kept them was reasonable. Consequently, the trial court award of $549 was not against the manifest weight of the evidence. Accordingly, I dissent with respect to the reduction in the amount of the damage award.