MICHAEL BAUERLE

*v.*

ANDREW LONG *et al.* Exrs.

*Opinion filed October 19, 1900.*

EXECUTORS AND ADMINISTRATORS—*when executor is not liable in his representative capacity for breach of contract.* An executor authorized by the will to sell real estate has no implied power to bind the estate by warranty deed, but only to convey whatever title the testator had, and hence no action can be maintained against him in his representative capacity for breach of an executory contract to make a warranty deed.

*Bauerle* v. *Long*, 88 Ill. App. 177, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding.

J. HENRY KRAFT, for appellant.

DOW, WALKER & MARSH, for appellees.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Plaintiff, appellant here, by his amended declaration in case, averred that appellees, as executors of the last will of John H. Schoenberger, deceased, by their duly authorized agent, one O. W. Ballard, agreed to sell and convey to him certain real estate situated in Cook county,

(describing it); that under said last will said executors were authorized, ordered and directed to sell and dispose of said real estate upon such terms as to them should seem most advantageous, at either public or private sale. The declaration then sets out *in hæc verba* a receipt signed by said Ballard, as follows:

"CHICAGO, *August 14, 1890.*

"Received of Michael Bauerle $5000, payment on a certain contract dated August 14, 1890, for the purchase of the south half of the south-east quarter of section 17—39—13, bargained to him according to the terms of said contract, a copy of which has this day been sent forward for signatures, and I agree that said sale shall be consummated at the price therein mentioned.

O. W. BALLARD."

The declaration also sets out in full the articles of agreement referred to in the receipt, purporting to be a contract of even date with the receipt, between "the estate of John H. Schoenberger, deceased, party of the first part, and Michael Bauerle," providing that upon the payment of $240,000 by Bauerle in certain installments, and of taxes and assessments, "the said party of the first part hereby covenants and agrees to convey and assure to the said party of the second part in fee simple, clear of all encumbrances whatever, by a good and sufficient warranty deed," the property therein described. The declaration further avers that the defendants "wrongfully and in fraud of the rights of plaintiff failed and refused" to sign these articles, but avers a confirmation and ratification thereof, and of the authority of their agent, Ballard, to make the sale, by the filing of their bill in equity seeking a specific performance of the articles of agreement, as signed by Bauerle only; avers a hearing on said bill and a dismissal thereof for want of equity by the circuit court and an affirmance of that decree by this court. (See *Pennsylvania Co. for Insurance on Lives* v. *Bauerle,* 143 Ill. 459, and *Bauerle* v. *Long,* 165 id. 340, from the opinions in which cases the additional facts will appear.) Plaintiff averred also that he actually paid the $5000 called

for by said receipt, and has been ready and willing to make all payments required to be made; "that it then and there became the duty of said defendants to furnish to the plaintiff herein a sufficient warranty deed and abstract showing good title to the premises described, as is by said contract required, and to perform all the covenants on their part to be performed." The breach charged is the failure of defendants to furnish a warranty deed, abstract, etc., and the damages claimed are $100,000, consisting of the $5000 earnest money paid and the balance on account of the loss in not obtaining the property, which property plaintiff avers to be worth $340,000. To this declaration a demurrer was sustained. Plaintiff abided his declaration, and brings the record to this court on appeal from a judgment of the Appellate Court affirming the judgment of the superior court.

The executors derived no power under the will of their testator to bind his estate by a warranty deed. The law gave them no such right and authority as executors. No action can therefore be maintained against them in their representative capacity for a breach of warranty or for a failure to execute a warranty deed, when they have no authority vested in them to make the same.

In *Vincent* v. *Morrison*, Breese, 227, the administrators undertook to covenant in a deed of land sold to pay debts of their intestate, that the land was free from encumbrances, and the court say (p. 231): "In relation to covenants the general rule is, that an administrator has no power to charge the effects of the intestate by any contract originating with himself; and it seems from the current of decisions that his contracts in the course of his administration, or for the debts of his intestate, render him liable *de bonis propriis*,"—citing *Sumner* v. *Williams*, 8 Mass. 262.

In *Mason* v. *Caldwell*, 5 Gilm. 196, the court say (p. 207): "If an administrator or guardian, in his representative capacity, makes a contract or covenant which he has no

right to make, and which is not binding upon the estate or ward, he is bound personally to make it good." ·

"The rule is well settled that an executory contract of an executor or administrator, if made on a new and independent consideration moving between the promisee and the promisor, is his personal contract, and does not, in absence of authority given by statute or by will of the decedent, bind the estate." 11 Am. & Eng. Ency. of Law, (2d ed.) p. 932, citing numerous cases.

In *Austin* v. *Munro,* 47 N. Y. 360, it is said: "The rule must be regarded as well settled, that the contracts of executors, although made in the interest and for the benefit of the estate they represent, if made upon a new and independent consideration, as for services rendered, goods or property sold or delivered, or other consideration moving between the promisee and the executors as promisors, are the personal contracts of the executors and do not bind the estate, notwithstanding the services rendered or goods and property furnished, or other consideration moving from the promisee, are such that the executors could properly have paid for the same from the assets and been allowed for the expenditure in the settlement of their accounts. The principle is, that an executor may disburse and use the funds of the estate for purposes authorized by law, but may not bind the estate by an executory contract, and thus create a liability not founded upon a contract or obligation of the testator. (*Ferrin* v. *Myrick,* 41 N.Y. 315; *Reynolds* v. *Reynolds,* 3 Wend. 244; *Demott* v. *Field,* 7 Cow. 58; *Meyer* v. *Cole,* 12 Johns. 349.) The rule is too well established in this State to be questioned or disregarded, and any departure from it would be mischievous."

The rule is well understood and generally accepted, that executors are not chargeable, as such, on their executory contracts. Their acts are subject to the control of the court appointing them,—and this, notwithstanding they act under powers conferred by will. Here the

will gives them no power to warrant their testator's title, which was all, as executors, they could convey, and a purchaser would only take whatever title the testator had.

Appellant insists that the reasons assigned by courts authorizing suits against a receiver, as such, judgment to be paid in course of administration, apply with equal cogency to cases against executors and administrators, and our attention is called to the language employed by this court in *McNulta* v. *Lockridge,* 137 Ill. 270. That was a suit for damages brought against McNulta, as receiver of the Wabash Railway Company. There, through the legal management of the property entrusted to his care, but through the negligent or wrongful acts of the servants employed in the court's operation of the road, without fault on the part of the receiver, a person was killed, and the court hold a suit and judgment for consequent damages is in the nature of a proceeding *in rem.* There the injury resulted from the legal management of the property by the receiver, as such, and not from his illegal or wrongful acts. While in one sense the negligence of the servant is his own under the rule of *respondeat superior,* yet in another sense the fault is not his own, and the wrong is chargeable to the thing or property itself which the court is managing, and arises not from the receiver's act, but from the act of the court through the necessity of conditions requiring judicial interference. The injury resulted in the doing of the very thing which the receiver was directed to do,—to properly manage and operate the property committed to his charge. Here the contract for the alleged breach of which a recovery is sought against the estate, was without the authority of the executors to make,—a fact equally well known to both parties.

The superior court did not err in sustaining a demurrer to plaintiff's declaration, and the judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*