## Adam Coutsogeorge and George Drakos, Appellees, v. Thomas Monaghan, Appellant.

1. EXECUTORS AND ADMINISTRATORS—*liability of executor or administrator on warranty of title.* An executor or administrator selling lands under a decree of the court has no authority to warrant the title, and will be personally bound by a covenant actually made by him.

2. EXECUTORS AND ADMINISTRATORS—*liability for taxes on giving warranty of title.* An executor who warranted the title to property sold under a decree was individually liable for taxes which were a lien at the time of the sale.

3. COVENANT—*sufficiency of evidence of notice as to who was to pay taxes.* Where, in covenant to recover from the defendant, in his individual capacity, taxes which were a lien on realty conveyed to plaintiffs by warranty deed from defendant as executor, the evidence was conflicting on the question whether or not the purchasers were notified that they were expected to pay the unpaid taxes which were a lien upon the premises at the time of the sale, the finding for plaintiffs was not disturbed.

Appeal from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed March 30, 1921.

D. H. MUDGE, for appellant.

J. M. BANDY, for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This is an action of covenant brought by appellees against appellant in his individual capacity to recover general taxes and special assessments paid by appellees on real estate conveyed to them under a warranty deed by appellant, as surviving executor of the last will and testament of William Monaghan, deceased. A jury was waived and the court entered judgment for appellees in the sum of $162.85, from which this appeal has been perfected.

The sale of the premises was held on the 20th day of September, 1916, under a decree of the circuit court of Madison county, for the payment of debts against the estate of William Monaghan, deceased. The deed executed on that date describes the parties of the first part as ''Thomas Monaghan, surviving executor of the last will and testament of the estate of William Monaghan, deceased,'' and is signed, ''Thomas Monaghan, surviving executor of the last will and testament of William Monaghan, deceased.'' It recites at length the decree of the court and compliance therewith and contains the following covenant and warranty: ''Now, therefore, the grantor, for and in consideration of the said sum of thirty-nine hundred and seventy ($3970) dollars, in hand paid, conveys and warrants to Adam Coutsogeorge and George Drakos, grantees, the following described real estate, to wit:''

Appellant urges two reasons for a reversal of the judgment in this case: First, that the deed was executed by appellant as executor and therefore he cannot be held personally liable for a breach of warranty, if there was a breach; and second, that the finding of the court is manifestly contrary to the evidence in the case for the reason that the proof shows it was announced at the sale the purchasers would assume and pay all taxes and special assessments then unpaid. Appellant has cited no authority in support of his first contention, and contrary to his claim it seems to be the well-established general rule that an administrator or executor selling lands under a decree of the court has no authority to warrant the title. *Tilley v. Bridges,* 105 Ill. 336; *Sexton v. Sikking,* 90 Ill. App. 667; 18 Cyc. 827. The decree of sale did not authorize the executor to warrant the title to the premises sold, and as under the above authority he could not bind the estate by such covenant, it follows that if there is any liability for a breach of such warranty the administrator is liable individually. 18 Cyc. 827, lays

down the doctrine that "a covenant actually made by the representative will bind him personally." Our Supreme Court in the early case of *Vincent v. Morrison*, 1 Ill. (Beecher's Breese) 227, in discussing the liability on covenants in administrators' deeds, said: "In relation to covenants, the general rule is, that an administrator has no power to charge the effects of the intestate, by any contract originating with himself; and it seems from the current of decisions that his contracts, in the course of his administration, or for the debts of his intestate, render him liable *de bonis propriis.*"

That opinion also refers to the case of *Sumner v. Williams*, 8 Mass. 162, as follows: "In that case the administrators, in their capacity of administrators, covenanted that, as administrators, they were lawfully seized of the premises; that they were clear of all incumbrances, etc.; that they, in their said capacity, had good right to sell, etc., and that as administrators they would warrant and defend the premises, and then signed and sealed the deed as administrators. The court held the administrators personally liable for a breach of these covenants." In *Bauerle v. Long*, 187 Ill. 475, the Supreme Court approves the doctrine laid down in *Vincent v. Morrison, supra,* and while the court does not there pass upon the question of the personal liability of an administrator under his warranty, yet it does hold that the law does not give the executor the right or authority to bind his estate by warranty deed, and that no action can be maintained against an executor, in his representative capacity, for a breach of warranty. In *Mason v. Caldwell*, 10 Ill. 196, our Supreme Court also cites *Sumner v. Williams, supra,* with approval and uses the following language: "If an administrator or guardian, in his representative capacity, makes a contract or covenant which he has no right to make, and which is not binding upon the estate or ward, he is bound personally

to make it good.'' Under these authorities it seems to us clear that appellant had no right to make the warranty and that the same is not binding upon the estate, also that in case of a breach thereof he is bound personally to make his warranty good.

Beyond doubt, the taxes in question were a lien on the premises at the time of the sale and the execution of the deed, and there was therefore a breach of the warranty unless it was expressly understood at the sale that the premises were sold subject to the taxes and assessments, and that the purchasers were to pay the same. On that question appellant testified that some one asked at the sale concerning the taxes and that the auctioneer turned to him, and appellant said all the taxes were paid up to the following March; that he had paid all the taxes the March before. He was then asked the question, ''Do you recall what Mr. O'Neill announced as to what the purchasers should pay?'' and he answered, ''Well, he announced that the taxes and the stuff—similar to what I just told you—it was paid up to March and those that would buy would be responsible for the taxes and stuff after.'' On cross-examination this witness testified that he announced that the taxes were all paid up until March, 1917. B. J. O'Neill, the auctioneer, testified that he announced that the purchasers should pay the taxes. Another witness who purchased property at the sale testified that all he remembered concerning any announcement as to the taxes was that appellant stated that ''all taxes are paid up to now.'' D. E. Alyward, who bid in this property for appellees, testified that he did not recall that any announcement was made, but that he did not understand there was any provision made that the buyer was to pay any unpaid taxes.

From the above it appears that the evidence upon this subject was to some extent conflicting and was uncertain and unsatisfactory. It failed to clearly show

that prospective purchasers were notified that they would be expected to pay the unpaid taxes which were already a lien upon the premises offered for sale. The trial court saw the witnesses and heard them testify and we find no sufficient reason to disturb its finding.

The judgment will be affirmed.

*Affirmed.*