L. E. Marsh, Appellant, v. Mabel Steiniger, Administratrix, Appellee.

Gen. No. 6,981.

1. EXECUTORS AND ADMINISTRATORS—*personal liability on contracts.* An executor or administrator has no power to bind the estate of which he is representative by any contract originating with himself, and his contracts in the course of his administration or for the debts of his intestate render him liable *de bonis propriis.*

2. VENDOR AND PURCHASER—*effect of contract to give good title.* A condition of a contract for the sale of real estate by which the contract is to become void if the vendor cannot give good title is not made for the benefit of the vendor, but gives an option to the purchaser to avoid the contract and recover the earnest money upon the failure of the vendor to give good title, or to accept the title as he finds it and insist upon the contract.

3. EXECUTORS AND ADMINISTRATORS—*liability of estate of administrator on contract of administrator.* The estate of a vendor owning an eighth interest in premises, and who contracts to sell such premises, but who is unable to convey because of the minority of one of the owners, an heir, is liable for the damages resulting because of the failure to convey, even though the contract to sell is signed by the vendor as administrator, as the effect of the contract is to make the vendor personally liable.

Appeal from the Circuit Court of Kane county; the Hon. ADAM C. CLIFFE, Judge, presiding. Heard in this court at the October term, 1921. Reversed and remanded with directions. Opinion filed April 27, 1922.

Walter E. Healy and G. R. Beverly, for appellant.

Charles W. Lehmann, John K. Newhall and John M. Raymond, for appellee.

Mr. Justice Jones delivered the opinion of the court.

On the 1st day of October, 1919, William C. Yurs, appellee's intestate, entered into a written agreement for the sale to Marsh of premises known as 261 Grove Avenue, Elgin, Illinois, consisting of a dwelling house and lot. At the time of the sale the title to the premises was in the heirs at law of Dora Yurs, deceased. As one of said heirs, Yurs owned one-eighth interest in the premises. The contract styles him as William C. Yurs, administrator of the estate of Dora Yurs, deceased. He signed the instrument "William C. Yurs, 'Admr.' Dora Yurs." Marsh paid $500 down on the contract. The total purchase price was $3,300. Soon after the execution of the contract, Yurs found that one of the heirs was a minor who could not convey. The contract contained the following provision: "Complete abstract of title, or merchantable copy, to be furnished within a reasonable time, with a continuation thereof brought down to date. In case the title, upon examination, is found materially defective, within ten days after said abstract is furnished, then, unless the material defects be cured within ninety days after written notice thereof, the said earnest money shall be forfeited and this contract shall become inoperative." Marsh accepted the title as shown by the abstract but Yurs was unable to give the warranty deed provided for because of the minority of the heir above mentioned and therefore he failed to perform. Yurs afterwards died and the appellant Marsh filed a claim against his estate for the damages sustained by him, claiming the $500 earnest money paid plus the difference between the actual value of the property,

which for the purposes of this case was stipulated at $4,100, and the contract price of $3,300, total damages being $1,300. By agreement of the parties the case was transferred from the probate court to the circuit court without a hearing in the probate court. A jury was waived in the circuit court. During the trial of the cause the $500 earnest money was repaid to appellant under a stipulation that the same should be without prejudice to either party.

It is claimed upon the part of appellant that William C. Yurs was personally liable upon the contract and the fact that he is described as administrator of the estate of Dora Yurs, deceased, in the body of the instrument and signed the same "William C. Yurs, 'Admr.' Dora Yurs" does not relieve him of such personal responsibility. On the other hand, appellee contends that the description of William C. Yurs as administrator of the estate of Dora Yurs, deceased, and his signature followed by the words " 'Admr.' Dora Yurs" sufficiently manifests the intention of the parties not to bind Yurs individually but only as administrator and therefore relieves him from any personal liability upon the contract.

They further contend that under the provision of the contract above quoted concerning the abstract of title, the appellee is relieved because Yurs was unable to furnish good title.

The contention that Yurs relieved himself of personal liability by describing himself as the administrator of the estate of Dora Yurs, deceased, and by writing after his name " 'Admr.' Dora Yurs" cannot be sustained. An executor or administrator has no power to bind the estate of which he is a representative by any contract originating with himself; and his contracts in the course of his administration or for the debts of his intestate render him liable *de bonis propriis*. (*Vincent v. Morrison*, 1 Ill. 227; *Bauerle v. Long*, 187 Ill. 475.) The reason of the rule is that an

executor may disburse out of the funds of the estate for purposes authorized by law but may not bind the estate by an executory contract and thus create a liability not founded upon a contract or obligation of the testator or intestate. The effect of such contracts is to make the executor or administrator individually liable thereon. There is an unbroken line of authorities in this State supporting this rule of law from the case of *Vincent v. Morrison, supra,* to *De Proft v. Heydecker,* 297 Ill. 541, and the recent case of *Coutsogeorge v. Monaghan,* 221 Ill. App. 539.

The condition of the contract by which it is to become void in case the vendor cannot give a good title is not made for the benefit of the vendor but gives an option to the purchaser to avoid the contract and recover the earnest money upon the failure of the vendor to give good title or to accept the title as he finds it and insist upon the contract. (*Hale v. Cravener,* 128 Ill. 408; *Lancaster v. Roberts,* 144 Ill. 213.) The record discloses in this case that the appellant, Marsh, found the title to the premises to be in the heirs at law of Dora Yurs, deceased, and notified Yurs that he had no objections to the title. The next step in the performance of the contract was the delivery by William C. Yurs of a warranty deed conveying the legal title to the premises upon being paid the purchase price. Marsh, as disclosed by the record, was ready and willing to pay the purchase price but Yurs was unable to convey the legal title to the premises by warranty deed for the reasons above noted and was thus in default.

At the trial of the cause the appellant submitted eight propositions of law in accordance with the law as herein stated which the court refused to hold. In this the court erred.

It then follows that under the stipulation and our view of the law there is $800 due appellant. The judgment is therefore reversed and the cause remanded

with directions to allow the claim in the sum of $800 to be paid in due course of administration with costs. *Reversed and remanded with directions.*