### In re Estate of Virgil G. Way, Deceased.
### Claim of C. N. Clark & Company.

#### Gen. No. 8,006.

1. ESTATES OF DECEDENTS—*letter of testator to executrix as basis for charging estate with cost of monument.* An executrix was not authorized to erect a monument for testator at the expense of his estate where she acted according to the testator's desire expressed to her in a letter but not in his will.

2. ESTATES OF DECEDENTS—*power of executrix to bind estate by contract.* Executrix cannot bind the estate by contract creating a liability not founded on an obligation of the testator.

3. ESTATES OF DECEDENTS—*objection of heirs as bar to allowance of claim for cost of monument not provided for by will.* On objection of heirs or legatees a claim for cost of a monument ordered

by the executrix but not provided for in the will, could not be allowed.

Appeal by objectors from the Circuit Court of Ford county; the Hon. FRANK LINDLEY, Judge, presiding. Heard in this court at the April term, 1926. Reversed and remanded. Opinion filed November 6, 1926.

CLARK & NOEL and LITTLE & FINFROCK, for appellants.

SCHNEIDER & SCHNEIDER, for appellee.

MR. PRESIDING JUSTICE CROW delivered the opinion of the court.

C. N. Clark & Company filed a claim for $850, in the circuit court of Ford county. It was the amount contracted by the widow and executrix of the estate, with the will annexed of Virgil C. Way, deceased, for a monument for her deceased husband. Two of the heirs and residuary legatees objected to the claim but it was allowed as of the sixth class. From that order an appeal was taken by them to the circuit court. That court having heard much evidence, a jury being waived, entered an order allowing the claim against the estate, and the objectors, George F. Way and Elliott W. Way bring the cause to this court by appeal.

There was no provision in the will directing a monument to be erected. A letter is in the record, written by deceased in 1911 to Mrs. Way who was his second wife. In it he mentions the erection of a monument. But it could impose no legal authority upon her personally, or as administrator with the will annexed to bind the estate for a monument. Furthermore, in his lifetime he erected a family monument on his burial lot. Whether the monument was erected before or after the letter was written we have been unable to ascertain, but deem it immaterial to the disposition of the case.

Appellants requested the court to hold as a proposition of law that the administratrix could not bind the estate for the price of the monument. This request was refused. In this, we think the entire controversy is included, and that the court erred in refusing it. In *Morgan v. Morgan,* 83 Ill. 196, the court held such a claim against the estate invalid. In that case the administrator and one of the heirs sought to have the amount paid out of the estate. There the widow objected and was sustained. While the question arose upon the allowance of the item in the administrators account, it is not different from this case, because, if proper to be allowed, then he should have credit for it. Yet, in that case, the administrator was as much bound and no more than the administratrix in this case. The court in support of its judgment cites *Foley v. Bushway,* 71 Ill. 386, where it was held that the widow having contracted for a monument to her deceased husband, to be paid for from the estate, the estate was not liable and the administrator could not be required to pay for it, the liability being on the contracting party personally. In numerous cases cited in the brief of appellants the Supreme Court has held that an executor cannot bind the estate by contract, thus creating a liability not founded upon an obligation of the testator. *Bauerle v. Long,* 187 Ill. 475; *De Proft v. Heydecker,* 297 Ill. 541.

So in the case at bar, the claimant, though she may have supposed, or the parties with whom she contracted may have supposed she had power to bind the estate, did not as matter of law possess the power. The claim could not be allowed upon the objection of heirs or legatees. The court erred in allowing the claim and the judgment is reversed and remanded with direction to disallow it.

*Reversed and remanded.*