Farm Food Stores, Inc., Appellee, v. Emma Gianeschi and Eva Prendergast et al.
Appeal of Louis Crotty, Appellant.

Gen. No. 42,197.

Opinion filed November 17, 1943.

MESIROW, KOPALD & LORENZ, of Chicago, for appellant; BENJAMIN S. MESIROW, of Chicago, of counsel.

JOSEPH LUSTFIELD, of Chicago, for appellee; ODE L. RANKIN, of Chicago, of counsel.

ON REHEARING.

MR. JUSTICE KILEY delivered the opinion of the court.

Defendant Crotty appeals from a decree entered November 3, 1941, which made permanent a temporary injunction issued June 27, 1941, restraining the defendant Emma Gianeschi (called lessor herein) from renting, leasing, or permitting Crotty or any other person any part of her premises on Cicero avenue in Stickney, Illinois, for the sale of fireworks or any other merchandise considered competition to plaintiff during the period of its lease of part of the premises; and restraining Crotty or any other person from selling, etc., fireworks from the premises during the same period.

July 1, 1938, plaintiff, Farm Food Stores, Inc. entered into a lease for 10 years at $130 per month with lessor and her husband, for the north 68 feet of the property owned by them on the west side of the 6500 block south on Cicero avenue. The lease consisted of a printed form signed by Emma and Joseph Gianeschi and a typewritten sheet signed Joseph Gianeschi by Eva Prendergast fastened by clips demising to plaintiff (second party) the premises described as "6520 South Cicero Avenue, Clearing, Stickney, Illinois, being the North Sixty Eight (68) feet on Cicero Ave-

nue,'' of lessor's property now used and occupied by plaintiff. The lease in the printed form limited the use to the sale of dairy products, groceries, eggs, poultry and all food products. Clauses on the typewritten rider provide, among other things, that ''second party shall be permitted to sell fireworks in the front of the premises herein described when, and if, the laws of the State of Illinois permit the same to be done,'' and that lessors ''will not rent or lease any of the premises now owned by them in the block adjoining the premises herein described for the sale of merchandise which shall be considered competition to the party of the second part.''

May 27, 1941, plaintiff wrote lessor, surviving joint tenant, that it was informed that she had leased, or was about to lease, the space in front of her premises to Crotty in violation of the lease, and saying it intended to take court action, if necessary, to protect itself. June 27, 1941, the complaint was filed setting out the letter, lease and plaintiff's investment in good will in the fireworks business and lessor's refusal to re-rent the premises in front of her home to plaintiff according to custom; its information May 26, 1941, that through Eva Prendergast, the daughter, Crotty was given a lease to those premises; its sending of a copy of the May 27th letter to Crotty and his occupation, preparations, and business on the premises nevertheless; its investment in stands and probable irreparable loss; and its loss of profits to result from violation of the lease unless the injunction issued. The temporary injunction issued, Crotty's motion to dissolve was denied, and no appeal taken.

Crotty's sworn answer claims the rider provision relied on by plaintiff is unenforceable, being uncertain and refers to plaintiff's exclusive business not to fireworks; that through Eva Prendergast he negotiated for the operation of a fireworks stand on premises adjoining plaintiff's for the period from June 27 to

July 4, 1941 at $500; that such proposed lease did not violate any claim or right of plaintiff's; that he had made preparations to engage in the business; denies plaintiff's irreparable damage, saying its remedy is at law; alleges the court's lack of jurisdiction to issue the injunction; and prays that the complaint be dismissed. The answer of lessor and Eva Prendergast filed July 21, 1941, admits refusal to rent plaintiff the disputed premises; denies any violation of plaintiff's lease and asks for a dissolution of the injunction.

Plaintiff says its claim against Crotty does not rest upon the lease but on latter's invasion of its good will and profits. .We point out, however, that the latter presupposes a right in plaintiff and that right must arise, if at all, out of the lease. We must, accordingly, construe the lease to determine whether any right of plaintiff was threatened or invaded. Defendant points out that for plaintiff's principal business a grant is made while the sale of fireworks is only permissive; and that the restraint on lessor in the lease applies only to the grant, for it rests on whether the sale of merchandise is "considered competition" and no consideration is needed for the plain term "fireworks." He relies on *Postal Telegraph Co. v. Western Union,* 155 Ill. 335, where the policy of this State is announced as unfavorable to restrictions on the powers of alienation of property which should be strictly construed and, as a general rule, all doubts be resolved in favor of free use.

The temporary injunction issued June 27, 1941, "as prayed in said complaint." The complaint prayed for the injunctive relief given in the decree. Although the complaint alleges 15 years of building of good will by plaintiff, the basis of the injunction was obviously the terms of the lease. The court construed the lease as prohibiting lessors from renting the lessees any of the premises owned by them in the block adjoining the premises therein demised for the sale of fireworks.

The vital issue is whether fireworks constitute merchandise coming within the protection of the prohibition against leasing any premises of the lessors for the sale of merchandise which shall be considered competition to plaintiff. If they do, the prohibition protects plaintiff's fireworks business.

The premises authorized for use in sale of fireworks are included in the premises demised. The provision limiting the use of the demised premises in the beginning of the lease is modified by the later fireworks provision and the two must be considered together to decide the question presented. Considered together, the premises are to be used exclusively for the sale of dairy products, groceries, eggs, poultry, all food products and fireworks when, and if, Illinois permits fireworks sold. The fireworks provision does not affect the quality of the demise, but only the limitation of use. We think it extended the use to include the sale of fireworks. According to the decree, the trial court heard evidence offered by plaintiff and since defendant has not preserved the evidence in the record, we must assume that the evidence supported the decree entered and that the trial court had the advantage of testimony to further clarify the intention of the parties. Since there is no doubt about the extent of the restraint on the alienation of the property, the principle in *Postal Telegraph Co. v. Western Union,* 155 Ill. 335 is not applicable.

The fact that plaintiff might have a remedy at law does not prevent the court's issuance of the injunction. *Southern Fire Brick & Clay Co. v. Garden City Sand Co.,* 223 Ill. 616. Crotty raises the interesting point that the court had no jurisdiction to enjoin him since he was not in privity with plaintiff and cites as authority *University Club v. Deakin,* 265 Ill. 257 and *First Trust & Savings Bank v. Economical Drug Co.,* 250 Ill. App. 112. The first was a law case. The second an equitable action with facts different than here, contains *dicta,* supporting Crotty's contention, which

is misleading. We have been unable to find a case reported in this State with facts like those before us. In *Frye v. Partridge,* 82 Ill. 267, leading case, an injunction issued on a restrictive use agreement in favor of the devisee of one parcel of land against a subsequent purchaser of a different parcel from a common grantor. That case reviews the principles of leading cases of other jurisdictions and later Illinois cases— principally building restrictions—restate the principles with approval. *Wiegman v. Kusel,* 270 Ill. 520; *Truney v. Shriver,* 269 Ill. 164; *Van Sant v. Rose,* 260 Ill. 401; and *O'Neill v. Wolf,* 338 Ill. 508. The *Frye* case relied on a rule in *Parker v. Nightingale,* 6 Allen 341 (88 Mass. 341) that agreements restricting the use of real estate were enforceable in equity, regardless of their effect in law or whether there was privity between the parties; and held that a vendee with notice of, is bound by, a restrictive use agreement. We believe that what is true of restrictive clauses in deeds applies with equal force to a restrictive clause in a lease, where a subsequent lessee, of a common lessor, of other property has notice; and that plaintiff's right may be enforced against Crotty if he had notice of it (*Halloway v. Hill,* 2 Chancery [Eng. Law Rept.] 621), on the principle that a party with knowledge of the just rights of another should not be permitted to defeat them. *Rosen v. Wolff,* 152 Ga. 578. For an opposite view see *Taylor v. Owen,* 2 Blackford's Reports (Ind.) 301. Crotty's notice being a question of fact, we must assume for reasons given hereinbefore that there was sufficient evidence on which the trial court could find that Crotty had notice.

We have not considered any points related to the order for the temporary injunction since it was merged in the decree. It is our opinion that the decree should be affirmed.

*Decree affirmed.*

BURKE, J., concurs.

HEBEL, P. J., took no part.