BANK OF SILVIS, Plaintiff-Appellant, *v.* BOULTINGHOUSE AUCTION CO., Defendant-Appellee.

Third District   No. 78-362

Opinion filed May 4, 1979.

Samuel M. Gilman, of Coyle, Gilman & Stengel, of Rock Island, for appellant.

Christopher J. Klockau and Raymond J. Conklin, both of Klockau, McCarthy, Lousberg, Ellison & Rinden, of Rock Island, for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This action commenced when plaintiff, Bank of Silvis, filed a complaint against defendant, Boultinghouse Auction Co., to recover a

portion of monies defendant retained as a commission on real estate sold thru an auction defendant conducted. The circuit court of Mercer County entered judgment for defendant and plaintiff appealed. It is generally conceded that defendant is entitled to a 3-percent commission, but the question is 3 percent of what?

At different times, plaintiff had loaned Robert W. Bledsoe and Rivoli Park Campgrounds, Inc., a corporation wholly owned by Bledsoe, sums totalling approximately $300,000. This debt was secured in part by a mortgage on real estate owned by Bledsoe. Bledsoe defaulted and the plaintiff commenced foreclosure on the real estate mortgage. While the foreclosure proceeding was pending, plaintiff agreed to permit Bledsoe and the corporation to conduct a private auction and to abate the foreclosure suit. An auction service contract was entered into between Bledsoe, his corporation, and the defendant. This contract forms the basis of the present dispute.

The contract recognized various mortgagees, claimants and lien holders and provided each was to be paid out of the proceeds of the sale according to their respective priority. An auction was conducted and a purchase price of $258,500 was obtained. The successful bidder paid 10 percent of that amount or $25,850, but then defaulted on the balance. Defendant distributed $18,095 to plaintiff retaining as his commission three percent of $258,500 or $7,755. When defendant refused to distribute any portion of the $7,755 to plaintiff, this suit was commenced. Plaintiff contends that defendant is entitled to three percent of the down payment of $25,850, while defendant contends it is entitled to three percent of the bid price of $258,500. No question is raised on appeal challenging plaintiff's right to bring this action as a third party beneficiary of the contract.

The contract provides for defendant's compensation for selling the real estate in the following terms.

"4. Owner will pay Company a Commission of

10% on personal

3% on real estate

. . . . . . . . . . .% of the total proceeds from the sale of personal property, but not less than . . . . . . . .for any one sale; said commission to be paid from the first proceeds of the sale."

Paragraph 9 of the contract provides that all sales were to be for cash. However, the testimony of defendant's president and the conduct of the parties suggests that the real estate was to be sold for 10 percent down on the date of the sale and the balance within 30 days and the auction was widely advertised in those terms. The agreement in the last sentence in paragraph 9 also provides "Company shall not be responsible for the failure of any bidders to consumate their purchases or otherwise comply with the terms and conditions of the sale."

In its complaint, plaintiff alleged

"6. By the further terms of the contract, defendant was to receive a commission of 3% of the proceeds from the sale of the real estate."

In its answer, defendant admitted the allegations of paragraph 6 of the complaint. Various stipulations between the parties were submitted and withdrawn, but due to the view we have taken they need not be discussed.

In a written opinion the trial court found the defendant was entitled to a commission of 3 percent of the bid price. We reverse and remand.

In holding for defendant, the trial court found that as the only reference in paragraph 4 to commission on total proceeds was for the sale of personal property, defendant was entitled to a commission based on the bid price. We believe such a position ignores the significance of the complaint and the answer. In paragraph 6 of its answer, defendant admitted the allegations of paragraph 6 of plaintiff's complaint that defendant was to receive a commission of 3 percent of the proceeds from the sale of the real estate. While neither the complaint nor the answer specifies a particular paragraph of the contract which is the genesis for this allegation, the only provision in the contract discussing commission, applicable percentage, and proceeds, is paragraph 4. The pleadings reveal there is no real disagreement between the parties as to whether the commission on proceeds applied to real estate as well as personal property. Any uncertainty that may have existed as to whether the three percent commission on real estate was to be based upon proceeds was resolved by the answer and complaint. Furthermore, the reference in the contract for the commission to be paid from the first proceeds of the sale does not answer the initial question of what the amount of that commission was to be. However, this does not end our decision for we must next inquire into the meaning of "proceeds."

■■ While the term proceeds is one of general understanding, its use in contracts has spawned a considerable number of decisions attributing varying meanings and usages to the word. (See *Furst & Thomas v. Elliott* (1936), 56 Idaho 491, 56 P.2d 1064. See also *Lightcap v. Mobile Oil Corp.* (1977), 221 Kan. 448, 562 P.2d 1, and *Long-Bell Lumber Co. v. National Bank of Commerce* (1950), 35 Wash. 2d 522, 214 P.2d 183.) The term is one of equivocal import and great generality and its construction depends upon the context and the subject matter to which it is applied. *Remsen v. Midway Liquors, Inc.* (1961), 30 Ill. App. 2d 132, 174 N.E.2d 7.

The difficulty in the present case is that reference to subject matter and context is not particularly helpful. The contract involved is on a preprinted form supplied by the defendant with certain typewritten additions supplied by the plaintiff. Examination of the preprinted provisions reveals that the form was designed for use in the auction of

personal property. Such a form does not become a model of clarity when applied to a real estate transaction.

Defendant argues in essence that since sales were to be for cash, proceeds is equivalent to bid price. While the original form was altered to provide for all sales to be cash, it appears from the testimony of the president of the defendant and the conduct of the parties that both the defendant and the plaintiff always intended that the sale of the real estate would be on the basis of 10 percent down and the balance within 30 days. Hence, defendant's conclusion that proceeds is equivalent to bid price because the sale was to be for cash is without foundation. As to the effect of the last sentence of paragraph 9, we believe it was intended to relieve defendant from any possible liability to the seller for the default of a buyer, but does not assist in determining what amount was to be used in computing the three percent commission.

Cases referred to previously, while not particularly factually analogous to the present case, generally adhere to the notion that proceeds are something actually received in hand. Proceeds has been defined as "what is produced by or derived from something (as a sale, investment, levy, business) by way of total revenue: the total amount brought in * * * the net sum received * * *." Webster's Third New International Dictionary 1807 (1961).

■■ As applied to the facts of this case, these authorities are persuasive for the proposition that proceeds means monies actually received by the seller from the buyer. Furthermore, the language in the present contract regarding the proceeds was supplied by defendant upon its form contract. No citation is needed to support the well-known rule that vague terms in a written contract which are susceptible of differing interpretations will be construed against the drafter. If "bid price" was to be the basis for defendant's commission, as defendant contends on appeal, the defendant could have expressly used such language in the contract. Instead, defendant chose the more vague language of "proceeds." Since proceeds usually indicates something actually received and any ambiguity in the term is to be construed against the defendant, plaintiff was entitled to judgment in its favor. The circuit court of Mercer County erred in holding that defendant was entitled to a commission of three percent of the bid price.

For the foregoing reasons the judgment of the circuit court of Mercer County is reversed and the cause is remanded with directions to enter judgment in accord with the views expressed herein.

Reversed and remanded with directions.

ALLOY and BARRY, JJ., concur.