JOSEPH M. COLLOSSEO *et al.* , Plaintiffs-Appellees, *v.* PATRICK LYNN *et al.*, Defendants.—(CLERK OF THE CIRCUIT COURT OF McHENRY COUNTY, Garnishee; THE PEOPLE OF THE STATE OF ILLINOIS, Intervenor; RALPH E. MADSEN *et al.*, Additional Intervenors-Appellants.)

Second District   No. 79-779

Opinion filed September 11, 1980.

Ralph E. Madsen, of Crystal Lake, for appellant.

Caldwell, Berner & Caldwell, of Woodstock, for appellees.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

Intervenors, Ralph E. Madsen, Charles Murphy and Richard Lynn, appeal from an order of the Circuit Court of McHenry County directing defendant, Patrick Lynn, to pay the net proceeds of a bail bond deposit to plaintiffs, Joseph M. and Aurelia Collosseo, in satisfaction of a prior judgment entered in favor of plaintiffs.

Patrick Lynn was arrested in April 1978, and his bond was set at $25,000. He was released following the posting of a $2,500 bail bond deposit. When Patrick Lynn failed to appear at a court date, he was taken into custody with bond set at $50,000. He was again released following the posting of $5,000.

In November of 1978, Joseph and Aurelia Collosseo filed a nonwage garnishment action against the clerk of the Nineteenth Judicial Circuit Court and a citation to discover assets of Patrick Lynn. The State of Illinois then filed a motion alleging that it would be an adverse claimant to any assets so discovered and requesting that a hearing be set to determine the State's rights to such assets. Lynn's attorneys, Charles Murphy and Ralph Madsen, and his son Richard Lynn, were granted leave to intervene as parties in the garnishment proceeding pursuant to allegations that they had interests, rights, or title to the bail bond proceeds.

The trial court dismissed the nonwage garnishment summons previously served on the clerk of the circuit court of the Nineteenth Judicial Circuit. Subsequently, the court held a hearing on the citation to discover assets pursuant to section 73 of the Civil Practice Act. (Ill. Rev. Stat. 1977, ch. 110, par. 73.) The trial court determined that (1) supplemental proceedings pursuant to section 73 would be proper where the clerk of the court is not a party to such action, (2) the evidence indicated that the bail bond proceeds were owned by the defendant, Patrick Lynn, (3) the claim of defendants' attorneys was inferior to the claim of the judgment creditors, and (4) the Collosseos are in a preferred position to that of the State of Illinois by virtue of having filed their citation to discover assets prior to any action being taken by the State. Patrick Lynn was directed to pay the net proceeds of the bail bond to the plaintiffs in satisfaction or partial satisfac-

tion of the prior judgment entered in favor of the plaintiffs. This appeal followed.

Two issues are presented by this appeal: (1) whether bond proceeds in possession of the clerk of the circuit court are subject to a citation to discover assets, and (2) whether the finding of that trial court that Patrick Lynn, and not Richard Lynn, was the rightful owner of the bond proceeds was against the manifest weight of the evidence.

## I.

The appellants' primary contention is that bail bond proceeds in the hands of the clerk of a circuit court may not be reached through use of a section 73 supplementary proceeding. Section 73(1) provides, *inter alia*:

"(1) A judgment creditor * * * is entitled to prosecute supplementary proceedings for the purposes of examining the judgment debtor or any other person to discover assets or income of the debtor *not exempt from execution, a deduction order or garnishment*, and of compelling the application of non-exempt assets or income discovered toward the payment of the amount due under the judgment." (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 110, par. 73(1).)

Therefore, if bail bond funds held by a clerk of a circuit court are exempt from garnishment then it would appear that the supplementary proceedings here were improper.

In *A-1 Lithoplate, Inc. v. A F S Publishing Co*. (1978), 66 Ill. App. 3d 560, 384 N.E.2d 395, and *Gende v. Flemming* (1977), 55 Ill. App. 3d 659, 371 N.E.2d 191, the courts determined that bail bond money held by a circuit court clerk, like any money held by a judicial officer in his official capacity, is *in custodia legis*. The clerk who holds that money retains it under the authority of the court, and keeps the money solely to be disposed of as directed by statute. Without express statutory authority, such funds are not subject to either attachment or garnishment by private persons.

The court in *A-1 Lithoplate* elaborated upon the public-policy considerations which necessitate the establishment of this rule. The court reasoned that the consequences of permitting such garnishment actions would be to throw the clerk into the middle of creditors' battles and increase the delay and inconvenience within the court system. Additionally, because the trial court may order fines, court costs, restitution to victims and attorney's fees to be paid from such bond deposits (see Ill. Rev. Stat. 1977, ch. 38, par. 110—7), permitting garnishment of the funds would interfere with the disposition of cases. The court also suggested that the whole purpose of the bail bond system would be undermined if garnishment proceedings were allowed. An accused who has no hope of regaining his bail bond money would be given an additional reason to flee the jurisdiction to avoid standing trial. Furthermore, third parties might be reluctant to

post bail if the money was subject to garnishment. Lastly, an accused might find it difficult to obtain the services of a private attorney where the bail bond might not be available to pay his legal fees.

■■ Based on the holdings in *A-1 Lithoplate* and *Gende*, it is clear that bail bond funds are exempt from garnishment and would, therefore, not be subject to section 73 proceedings. Although the clerk of the court was not a party to the action in the instant case, the public policy considerations expressed in *A-1 Lithoplate* extend beyond the concern that the clerk would be thrown into the middle of creditors' battles. The *A-1 Lithoplate* court was also concerned with preserving the integrity of the bail bond system by preventing attachment of funds in the hands of the circuit clerk. These concerns apply regardless of the fact that plaintiffs here proceeded against the defendant rather than the clerk of the court. Accordingly, the judgment of the trial court must be reversed.

## II.

Intervenors also contend that the trial court's determination as to the ownership of the bail bond funds was against the manifest weight of the evidence. However, the hearing on this issue apparently was not transcribed and defendant failed to provide a "bystander's report" pursuant to Supreme Court Rule 323. Ill. Rev. Stat. 1977, ch. 110A, par. 323.

■■■ It is well established that a party prosecuting an appeal must furnish the material essential to the disposition of the appeal. Matters *de hors* the record cannot be considered. In the absence of a report of proceedings or an agreed statement of facts, it is presumed that evidence supported the trial court's decision. *Levy v. Dickstein* (1979), 70 Ill. App. 3d 180, 388 N.E.2d 97.

## III.

Section 110—7(f) of the Criminal Code (Ill. Rev. Stat. 1979, ch. 38, par. 110—7(f)) provides that at the request of the defendant the amount of a bail deposit repayable to the defendant may be paid to the defendant's attorney of record. As noted above, the record is incomplete, and we are also unable to ascertain whether or not Patrick Lynn has made such a request. Thus, on remand the trial court is directed to determine if such a request has been made and to order the return of the bail deposit to either Patrick Lynn or to his attorney(s) of record.

Accordingly, the judgment of the Circuit Court of McHenry County is reversed and the cause remanded for further proceedings.

Reversed and remanded with directions.

SEIDENFELD, P. J., and UNVERZAGT, J., concur.