SANNI, INC., Plaintiff-Appellee, *v.* OLGA FIOCCHI, Defendant-Appellant.

Second District No. 82—49

Opinion filed December 21, 1982.—Rehearing denied January 25, 1983.

UNVERZAGT, J., dissenting.

Wasneski, Kuseski & Flanigan, of Waukegan, for appellant.

Semmelman & Lombardi, of Lake Forest, for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

This appeal by defendant Olga Fiocchi from the circuit court of Lake County focuses on the construction of a lease executed by the parties in August 1976. Defendant contends that she should not be held personally liable under the provisions of a certain restrictive covenant contained in said lease and the trial court erred in denying her

motion for involuntary dismissal in light of plaintiff's failure to comply with the requirements of the lease renewal clause.

The facts are not substantially in dispute. On August 19, 1976, plaintiff, Sanni, Inc., entered into a five-year lease with defendant, Olga Fiocchi, as executrix of the estate of Frank Fiocchi, for the purpose of operating a beauty shop in a small shopping center owned by the estate of Frank Fiocchi and known as the "Old Elm Shops." The lease terminated on August 31, 1981, subject to a renewal option extending the lease until August 31, 1986.

The lease contained the following pertinent paragraphs:

"21. (c) All covenants, promises, representations and agreements herein contained shall be binding upon, apply and inure to the benefit of lessor and lessee and their respective heirs, legal representatives, successors and assigns."

"27. Lessee shall have the option in its discretion, provided it expresses its option by notice to the lessor (or its assigns) in writing on or before ninety (90) days prior to the expiration of the first five (5) year term, to renew the lease for additional five (5) years term at or for the sum of Four Hundred ($400.00) Dollars per month with all other terms and conditions of the lease remaining the same."

Of particular importance is Clause 28, which provides:

"28. Lessor agrees not to lease any other stores in Old Elm Shops Shopping Center for the purpose of a beauty salon."

In 1978, the Old Elm Shops were distributed to the heirs of Frank Fiocchi in accordance with the provisions of his will. The subject leased premises and three other stores were distributed to Nancy Majzel, the daughter of Frank Fiocchi, and the remaining three stores were distributed to defendant, Olga Fiocchi.

On or about June 1981, the defendant, acting through her son, Leonard Favella, entered into a month-to-month oral lease with certain parties for the purpose of operating a beauty salon in one of the three stores owned by defendant in the Old Elm Shops. Thereafter, plaintiff filed the instant action in which it sought to enjoin the operation of a competing beauty salon at the shopping center in accordance with the restrictive provisions contained in Clause 28 of the subject lease.

In response to the complaint, defendant filed a motion for involuntary dismissal, alleging that plaintiff failed to comply with the notification provisions of Clause 27. Said clause provided that plaintiff might renew the lease for an additional five-year term upon written notification to lessor or its assigns on or before 90 days prior to the

expiration of the term. Defendant asserted that the lease would not extend beyond August 31, 1981, by virtue of plaintiff's failure to provide formal notification of renewal and, as such, plaintiff would only suffer two months of damage resulting from the competing beauty shop.

Plaintiff's answer to the motion alleged that the notification provisions of Clause 27 had been waived by the current lessor, Nancy Majzel. Additionally, plaintiff filed an amended complaint which included a document entitled "Extension of Lease," dated July 29, 1981, in which Nancy Majzel formally accepted plaintiff's request to renew the lease and waived the notification provisions of Clause 27. Following arguments of counsel, the motion was denied.

The case proceeded to trial on January 5, 1982. After the close of the evidence and arguments of counsel, the court entered judgment for injunctive relief in favor of plaintiff. The court's order enjoined defendant, her successors and assigns from leasing any store in the property commonly known as the "Old Elm Shops" for the purpose of operating therein a beauty salon until August 31, 1986. Defendant was further ordered and directed to terminate the month-to-month lease which she had orally executed in June 1981.

Defendant contends that she is not personally bound by the restrictions contained in Clause 28 of the subject lease by virtue of the fact that she executed the lease in a representative capacity, to wit, as executrix of the estate of Frank Fiocchi. Plaintiff responds that defendant was granted no authority to execute said lease agreement, either through Frank Fiocchi's will or by order of court and, as such, defendant must be held personally liable on the covenants contained in said lease.

■■ The law is well settled in Illinois that an executory contract of an executor or administrator, if made on a new and independent consideration moving between the promisee and the representative, is his personal contract upon which he becomes personally liable, and does not bind the estate. (*Bauerle v. Long* (1900), 187 Ill. 475; *In re Estate of Way* (1926), 242 Ill. App. 459; *Marsh v. Steiniger* (1922), 225 Ill. App. 114; *Coutsogeorge v. Monaghan* (1921), 221 Ill. App. 539; see also *Thomas v. Gouwens* (1975), 25 Ill. App. 3d 663, 323 N.E.2d 829.) This rule is applicable even though the debt incurred was for the benefit of the estate and the representative described himself in the contract as an "executor" or an "administrator." (*Bauerle v. Long*; *Marsh v. Steiniger*.) An executor will only be absolved of personal liability where he is granted authority to execute said contract by order of court or by the will of the decedent. *Bauerle v. Long*; *In re Estate*

*of Way*; Ill. Rev. Stat. 1979, ch. 110½, par. 20—2; see also Annot., 95 A.L.R.2d 258 (1964).

There is no evidence in the record which would indicate whether or not a court order was issued which authorized the lease or whether decedent's will authorized defendant to execute the lease. This court cannot consider facts which are not in the record (*Collosseo v. Lynn* (1980), 88 Ill. App. 3d 344, 410 N.E.2d 577), and although an appellee may defend a judgment on review by raising an issue not previously ruled upon by the trial court, the necessary factual basis for the determination of such point must be contained in the record. (*Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141.) Consequently, the general rule applies, and we conclude defendant was personally bound by the restrictive covenant during the term of the lease. In reaching this conclusion, we note that both parties agree that Nancy Majzel, the specific devisee of the subject property leased to plaintiff, assented to the terms of the lease. Likewise, we find Olga Fiocchi, although signing the lease as executrix, must be held to have assented to—and, thus, had notice of—the terms of the restrictive covenant insofar as it related to the property of which she was the residuary devisee. See generally *Baird & Warner, Inc. v. Stuparits* (1977), 53 Ill. App. 3d 338, 342, 368 N.E.2d 748; *Farm Food Stores, Inc. v. Gianeschi* (1943), 320 Ill. App. 582, 586-87, 51 N.E.2d 792.

*Empire Fire Proofing Co. v. Comstock* (1905), 121 Ill. App. 518, cited by defendant, is inapposite. Although the continued vitality of *Empire* is questionable, the case is readily distinguishable. There, the court refused to impose personal liability on the trustees of an estate who had executed a construction contract on behalf of the estate. The court pointed to, *inter alia*, the fact that the main parties to the contract were the contractor and the estate itself. Additionally, all of the clauses in the contract referred directly to the estate rather than the trustees. The court concluded that there is a clear and marked distinction between the agreement of an agent who describes himself as contracting for a principal and the covenant of a principal who contracts by and through an agent. The former is regarded as the personal contract of the agent, while the latter is held to be the undertaking of the principal. (121 Ill. App. 518, 525.) In the instant case, the contract is framed in terms of an agent contracting for a principal. As such, under *Empire*, defendant would be personally liable.

Further, plaintiff's citation of *Baird & Warner, Inc. v. Stuparits* (1977), 53 Ill. App. 3d 388, 368 N.E.2d 748, is not of particular assistance. In *Baird* decedent's will explicitly granted the executors authority to enter into the contract at issue. No facts have been established

which would indicate the existence of such authority here.

■ Defendant also contends that she cannot be held liable under the subject restrictive covenant as a successor in interest to the estate of her deceased husband. She asserts that since the covenant encompassed property other than that which was demised under the terms of the lease, it was personal to the estate and did not run with the land so as to bind her as the grantee of the lessor.

Restrictive covenants are valid in Illinois if they are reasonable. (*House of Vision, Inc. v. Hiyane* (1967), 37 Ill. 2d 32; *Goldblatt Brothers, Inc. v. Addison Green Meadows, Inc.* (1972), 8 Ill. App. 3d 490, 290 N.E.2d 715; *Crest Commercial, Inc. v. Union-Hall, Inc.* (1968), 104 Ill. App. 2d 110, 243 N.E.2d 652.) Additionally, restrictive covenants in leases which encumber land other than that demised have also been upheld. (*Farm Food Stores, Inc. v. Gianeschi* (1943), 320 Ill. App. 582, 51 N.E.2d 792; *Skelers v. Meyer* (1927), 246 Ill. App. 18; *Meridian Amusement Co. v. Home Theater Co.* (1919), 215 Ill. App. 479; see also *De Koven Drug Co. v. First National Bank* (1975), 27 Ill. App. 3d 798, 327 N.E.2d 378.) Further, such covenants have been held to bind lessees of or successors in interest to the lessor who have taken property with notice of a restrictive covenant contained in a lease for adjoining property which also encumbers their land. *Farm Food Stores, Inc. v. Gianeschi*; *Meridian Amusement Co. v. Home Theater Co.*

In *Meridian Amusement Co. v. Home Theater Co.* (1919), 215 Ill. App. 479, the plaintiff, Meridian, subleased a building known as the Fischer Theater from the Barhydt-Hoeffler Company for the purpose of showing movies. The Meridian lease contained a restrictive covenant which prohibited Barhydt from utilizing a nearby building, known as the Lyric Theater, for the purpose of showing movies. Both the Fischer and Lyric theaters had originally been leased to Barhydt by the Danville Theater Company.

Subsequently, a group of 11 investors bought out the stock of Barhydt. They then formed a new corporation known as the Home Theater Company and caused Barhydt to assign its leases from Danville and the lease to Meridian to Home Theater. Thereafter, Home Theater began showing movies at the Lyric Theater in violation of Meridian's lease.

In upholding an injunction restraining Home Theater from conducting said movies, the court concluded that Home could not take the leases unencumbered with the restrictive covenants of the Meridian agreement. The Home Theater Company clearly had notice of the covenant and, as such, would be bound by it. See also *Frye v. Par-*

*tridge* (1876), 82 Ill. 267.

Similarly, in *Farm Food Stores, Inc. v. Gianeschi* (1943), 320 Ill. App. 582, 51 N.E.2d 792, the court upheld a restrictive covenant in a lease, relating to nearby property, against a lessee of said nearby property. The court concluded that where a subsequent lessee of a common lessor has notice of a restrictive clause in a lease of lessor's nearby property, the lessee will be bound by said covenant even though there was no privity between the parties.

In view of the foregoing, defendant here may be held liable on the restrictive covenant by virtue of the fact that she took the demised premises with notice of the restrictive covenant contained in the lease of an adjoining premises. Her contention that the absence of any fixed duration in the covenant itself implicitly links the covenant's duration to the "longevity" of the estate proceedings is unavailing. As a matter of construction, the clause must be held to be applicable throughout the entire duration of the lease absent explicit language to the contrary. Moreover, Clause 21(c) of the lease extends all covenants in the lease to the heirs, successors and assigns of the lessor.

Defendant's citation of *Postal Telegraph-Cable Co. v. Western Union Telegraph Co.* (1895), 155 Ill. 335, is not of assistance. In *Postal*, the court merely mandated strict construction of a restrictive covenant which prohibited the lessor/owner from leasing the premises for use as a telegraph office. Since, in point of fact, the successor in interest to the lessor/owner utilized the property for this use, the restrictive covenant was not violated. In the instant case, defendant's actions clearly violate the terms of the subject restrictive covenant.

Defendant filed a motion for involuntary dismissal in which she alleged that plaintiff had failed to exercise its option to renew the lease, in accordance with the provisions of paragraph 27, by providing lessor or its assigns with written notice of said renewal on or before 90 days prior to the expiration of the lease date. Defendant predicated this assertion on the fact that plaintiff's suit, which was filed on June 9, 1981, only 81 days prior to the expiration of the lease term, merely alleged that plaintiff "intends" to renew the lease. In light of plaintiff's failure to comply with the renewal notice provision, defendant asserted that the lease would expire within two months of the filing of suit and plaintiff would, consequently, suffer only minimal damages.

Plaintiff responded by filing an amended complaint with an attached document entitled "extension of lease." Said document signed by Nancy Majzel, the present lessor, and dated July 29, 1981, a date subsequent to the filing of the motion, expressly accepted plaintiff's request to renew the lease and waived the notification provisions of

paragraph 27. After presentation of all evidence and arguments of counsel the motion was denied.

■■ Defendant does not dispute that Nancy Majzel could waive a written provision inserted in the lease for her benefit. Such is the holding of the supreme court in *Fuchs v. Peterson* (1925), 315 Ill. 370, 146 N.E. 556. However, she contends that the subject option to renew did not constitute a present demise of an additional term, but, rather a covenant to grant an additional term on the conditions specified. As such, she concludes that plaintiff's failure to give strict adherence to the terms of the lease caused the restrictive covenant to expire at the end of the original five-year lease term.

The lease between the estate and plaintiff provided that plaintiff had the option to extend the lease for five years at the end of the first five years. That the option to extend the lease five additional years is exclusively in the plaintiff and not in the lessor is significant. In *J.B. Stein & Co. v. Sandberg* (1981), 95 Ill. App. 3d 19, 419 N.E.2d 652, this court determined that a clause similar to the one in the instant case should be construed as an extension of a lease rather than a new letting.

Generally, a distinction is made between a provision in a lease for a renewal and a provision therein for the extension of the term at the option of the lessee, the courts treating the latter, upon the exercise of the privilege, as a present demise for the full term to which it may be extended and not a demise for the shorter period with a privilege for a new lease for the extended term. See generally 50 Am. Jur. 2d *Landlord and Tenant* sec. 1156 (1970).

Defendant relies on the language in the notice provision of paragraph 27 of the lease requiring notice of renewal to be given to "*** Lessor (or the assigns)" for her theory that she, as an assignee of the burdened estate, was entitled to notice of the lease extension. We interpret defendant's position to be that it was the intention of the executrix in drawing the lease that if the original lessor, the executrix, was not in existence at the time for renewal, notice of intention to extend must be given the assigns of the estate. This of course would include defendant as a devisee of the estate.

The use of the parenthetical alternative "(or the assigns)" requires that notice be given to the party to whom the named lessor has conveyed the leased premises. This gives the language of the contract its plain and ordinary meaning. *In re Estate of Savage* (1979), 73 Ill. App. 3d 656, 392 N.E.2d 263.

■ This type of notice provision is for the benefit of the lessor at the time the option to extend is exercised, not for a former lessor

who no longer has an interest in the property. The lessee must simply provide notice to whomever is then the lessor. (*American Oil Co. v. Rasar* (1957), 203 Tenn. 37, 46, 308 S.W.2d 486, 490.) Defendant's construction would require plaintiff to provide notice to any assigns of the estate, no matter how numerous or how slight their interest in the property, as a precondition to extending the lease term. There is no reason to believe that the parties intended such a needlessly burdensome notice requirement.

Assuming, however, that the expression is capable of both constructions and is ambiguous, the burden of the ambiguity must fall upon its author, here the defendant. (*Wachta v. First Federal Savings & Loan Association* (1981), 103 Ill. App. 3d 174, 430 N.E.2d 708.) Vague terms, susceptible to differing interpretations, will be construed against the drafter. *Bank of Silvis v. Boultinghouse Auction Co.* (1979), 71 Ill. App. 3d 98, 389 N.E.2d 267.

In sum, we hold that defendant was personally liable on the lease as she was neither given the power to lease under the will nor by a court. Nancy Majzel could and did waive the timely giving of notice of intention to extend the lease by the lessee. Defendant was not entitled to notice of the extension because she was neither the lessor under the lease or an assign of the lessor as the term was used throughout the lease.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

SEIDENFELD, P.J., concurring.

JUSTICE UNVERZAGT, dissenting:

I agree the defendant was personally bound by the restrictive covenant, but I would not affirm the injunctive relief afforded by the trial court's judgment because I find under the facts of this case, the plaintiff failed to properly exercise its option to renew and, thus I believe, defendant was bound by the covenant only until the end of the original five-year lease period; that is, until August 31, 1981.

The "lessor" at the time the lease was entered into was Olga Fiocchi as executrix of the estate of Frank Fiocchi. By the terms of clause 27, notice of the lessee's intent to exercise its option to renew was required to be given to "Lessor (*or its assigns*) in writing on or before ninety (90) days prior to the expiration of the first five (5) year term ***." (Emphasis added.) Although it is true, as plaintiff argues, that parties to a written contract may waive performance of a condition in a- contract that was inserted for their benefit (*Fuchs v. Peter-*

*son* (1925), 315 Ill. 370, 374-76), the fact remains that the notice provision was inserted for the benefit of Olga Fiocchi as well, and she did not waive the notice requirement. The original "lessor" was no longer in existence, the estate having been closed. Accordingly, notice was to be given in writing to "its assigns." The assigns of the lessor were Nancy Majzel *and* Olga Fiocchi by definition; to-wit: an assign includes all those who take either immediately or remotely from an assignor whether by conveyance, devise, descent or act of law. *Sauls v. Cox* (1946), 394 Ill. 81, 88-89.

Plaintiff's president, Susan Stauffer, testified that in March of 1981, she heard rumors that a second beauty salon was to be open in the shopping center. She then called Olga Fiocchi, who advised her that the rumor was true. Stauffer testified she questioned Fiocchi: " 'But what about my lease, it reads that there cannot be another beauty salon.' And she said, 'You better get a hold of your lawyer.' And that was the end of the conversation." Stauffer also testified she did not notify Fiocchi that she was going to renew her lease with Majzel for another five-year term; the five-year "Extension of Lease" at $400 per month rental between plaintiff and Majzel was executed by Majzel on July 29, 1981. Without notice to Fiocchi, the effect of the restrictive covenant clause in the lease must be construed to mean that Majzel, as lessor under the second five-year lease, would not lease any of *her* other stores in the Old Elm Shops shopping center for the purpose of a beauty salon.

It is established that an injunction is an exceptional remedy which is not granted as a matter of course, but with great caution and only when plaintiff's right to such relief is clearly established. (*Board of Education v. Eckmann* (1982), 103 Ill. App. 3d 1127, 1130.) The grant or denial of an injunction is within the discretionary powers of the court, and its decision on the matter will not be reversed unless an abuse of discretion is shown. (*Plasti-Drum Corp. v. Ferrell* (1979), 70 Ill. App. 3d 441, 452.) Plaintiff here failed to give notice of its intent to exercise its option to renew to Olga Fiocchi who, as one of the lessor's two assigns, was entitled to such notice under the terms of the plaintiff's lease. Accordingly, defendant was bound by the terms of the restrictive covenant clause only until the expiration date of the original lease, August 31, 1981, and the trial court's injunction restraining defendant's use of the property until August 31, 1986, was, I believe, an abuse of its discretion. Therefore, the judgment of the trial court in entering the injunction should be reversed and the injunction order vacated.

I therefore dissent from the majority opinion.